Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone:  (907) 222-7100
Facsimile:  (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902
*ryoerges@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900
Facsimile:  (212) 506-3950
*tonorato@steptoe.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,

          Plaintiff,

     vs.

ENVIRONMENTAL PROTECTION
AGENCY, *et al*.,

          Defendants.

_____ /

**EXPEDITED MOTION FOR
EXPEDITED DISCOVERY UNDER
FED. R. CIV. P. 26(d)(1),
30(a)(2)(A)(iii), 30(b)(2) & 34(b)(2)(A)**

**CIVIL ACTION NO.
3:14-cv-00171 HRH**

Pursuant to Fed. R. Civ. P. 26(d)(1), 30(a)(2)(A)(iii), 30(b)(2), and 34(b)(2)(A), Plaintiff Pebble Limited Partnership ("PLP") moves for limited, expedited discovery in support of the November 24, 2014, hearing on PLP's Motion for Preliminary Injunction. (Docket Nos. 7, 57.) As argued in that motion, Defendant EPA has violated the Federal Advisory Committee Act ("FACA") in its efforts to veto mining activity in the Bristol Bay Watershed under Section 404(c) of the Clean Water Act, and preliminary injunctive relief is necessary to preclude EPA from effectively mooting PLP's FACA claims by issuing its final agency action under Section 404(c).

## Argument

Because discovery has yet to occur, PLP's FACA claims are based largely on documents, including hundreds of e-mails, that EPA has produced thus far in response to PLP's Freedom of Information Act requests. Those documents are, as PLP has alleged in this case and in a newly filed, related case under FOIA, *Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency*, No. 3:14-cv-00199-HRH (D. Alaska filed Oct. 14, 2014), sorely incomplete and often-times heavily redacted. While they provide a good-faith basis for PLP's claims that EPA violated FACA by establishing and utilizing *de facto* Federal Advisory Committees in connection with its ongoing proceeding under Section 404(c), PLP's opportunity to establish that it is likely to succeed on the merits— one of the requirements to be satisfied on a motion for a preliminary injunction, *see Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 493-94 (9th Cir. 2010)—would be improved if PLP were permitted to depose EPA under Rule 30(b)(6) to further clarify the events reflected in the documents on which it relies.

Because even a *single* meeting with outsiders can trigger FACA and would thus support the injunctive relief that PLP seeks, PLP will limit the requested deposition to seventeen

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH
Page 1 of 6

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 2 of 8

meetings arranged and/or attended by EPA personnel in furtherance of the Section 404(c) proceeding. *See* Ex. A, Notice of Deposition. To put this in context, based on the documents produced thus far under FOIA, it appears that EPA had in excess of 500 contacts with the *de facto* Federal Advisory Committee members between 2008 and 2014. *See* Docket No. 8, Declaration of Andrew J. Sloniewsky ¶ 7. PLP will inquire about only a fraction of those meetings.

PLP also will ask EPA to produce a small number of documents at the deposition—only those documents used or distributed at the seventeen meetings and any documents that the Rule 30(b)(6) designee uses to prepare for the deposition. Because of the short timeframe, PLP also asks the Court, pursuant to Rules 30(b)(2) and 34(b)(2)(A), to order EPA to produce those documents no later than the date of the requested deposition.

District courts in the Ninth Circuit use the "good cause" standard to determine whether to grant discovery in advance of a Rule 26 conference and whether to shorten the response time for a subpoena under Rule 34(b)(2)(A). *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (collecting cases); *Kennedy v. Full Tilt Poker*, No. CV09-07964, 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274-76 (N.D. Cal. 2002) (discussing basis of the "good cause" standard). "Good cause" exists when the moving party shows that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Relevant factors include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am.*

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH
Page 2 of 6

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 3 of 8

*LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (citation and internal quotation omitted).  Each of these factors favors a pre-hearing deposition in this matter.

As to the first three factors, there is, needless to say, a preliminary injunction motion pending, and PLP has narrowly tailored its discovery to obtain additional evidence for the sole purpose of establishing that it is likely to succeed on the merits when this case is fully tried.  *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (Expedited discovery [is] appropriate in cases involving preliminary injunctions . . . .”); *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A 03-3546, 2003 WL 22519440, at *5 (E.D. Pa. Oct. 2, 2003) (pendency of a preliminary injunction hearing weighs on the need for expedited discovery); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (“Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.”); *id.* (“The plaintiffs have narrowly tailored their request for expedited discovery, and it appearing that granting their Motion will expedite the resolution of this case, the Court grants the plaintiffs’ Motion.”); *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) (an expedited discovery request should be tailored to the goal of a preliminary injunction); *Ellsworth Assocs.*, 917 F. Supp. at 844 (“The plaintiffs are entitled to expedited discovery because the material they seek is germane to their claims . . . .”).

The documents on which PLP relies to support its Motion are probative of whether EPA violated FACA; however, because discovery has yet to occur, evidentiary gaps necessarily exist. For instance, the email traffic among EPA officials provides only a glimpse of the subjects that were discussed at selected meetings.  PLP needs to discover the details of what was discussed, as well as the manner in which these meetings were organized and conducted.  PLP expects that

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship  v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH
Page 3 of 6

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 4 of 8

those details, discoverable most directly through a targeted deposition and a review of documents distributed or used at these meetings, will shed light on how EPA "established or utilized" the subject committees, as well as on how the committees provided recommendations and advice as a group. *See* 5 U.S.C. App. II § 3(2); *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898, 915 (D.C. Cir. 1993); *see also Ellsworth Assocs.*, 917 F. Supp. at 844-45 (granting expedited discovery against federal agencies in Administrative Procedure Act case).

The fourth "good cause" factor—the burden on EPA—also favors allowing the discovery that PLP seeks now. Designating one or more witnesses to sit for a single deposition in advance of the November 24 hearing and gathering a small number of documents should pose relatively minimal hardship. As discussed above, PLP seeks testimony only as to seventeen meetings. Moreover, PLP makes this request a month before the scheduled hearing on the preliminary injunction motion. Although EPA's counsel needs time to prepare Defendants' opposition to PLP's Motion for Preliminary Injunction, the Court has permitted EPA several weeks longer to do so than would normally be allowed under Local Rule 7.1(f). PLP is willing to conduct the deposition after EPA files its opposition, if that would be more convenient. Moreover, if convenient to EPA's counsel, PLP will agree to conduct the deposition in Washington, DC, where defense counsel and EPA are located.

The final factor—" how far in advance of the typical discovery process the request was made"—weighs in PLP's favor because the Court has not set a discovery schedule, and any discovery therefore requires leave of court. *Cf. Semitool*, 208 F.R.D. at 277 (rejecting request for expedited discovery because "the net gain, at best, will be to advance discovery by three weeks").

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH
Page 4 of 6

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 5 of 8

**Conclusion**

Because PLP requests a small number of documents and a single day's deposition on limited topics in support of its pending Motion for Preliminary Injunction, and because PLP's need for this discovery outweighs the minimal burden on EPA, PLP's request to expedite discovery should be granted. *See id.* at 276; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000) (expedited discovery request should be granted if it is "reasonable[] . . . in light of all of the surrounding circumstances.").

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship  v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH
Page 5 of 6

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 6 of 8

Dated October 22, 2014                     Respectfully submitted,

/s/ Thomas Amodio

Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone:  (907) 222-7100
Facsimile:  (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902
*ryoerges@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 506-3900
Facsimile:  (212) 506-3950
*tonorato@steptoe.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship  v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH
Page 6 of 6

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 7 of 8

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of October, 2014, I electronically filed a copy of the foregoing using the CM/ECF system, which will electronically serve the attorneys of record in this case.

/s/ Timothy Work

EXPEDITED MOTION FOR EXPEDITED DISCOVERY
*Pebble Ltd. P'ship v. Envtl. Prot. Agency, et al.*, No. 3:14-cv-00171 HRH

Case 3:14-cv-00171-HRH   Document 58   Filed 10/22/14   Page 8 of 8