IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
ENVIRONMENTAL PROTECTION　　　　　　　)
AGENCY, et al.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　No. 3:14-cv-0171-HRH
　　　　　　　　　　　　　　Defendants.　)
_____)


PRELIMINARY INJUNCTION

　　　　Plaintiff moves pursuant to Rule 65, Federal Rules of Civil Procedure, for a preliminary injunction enjoining defendants from proceeding further with EPA's ongoing proceedings which might lead to a veto of mining activities in the Bristol Bay watershed or, in the alternative, using the Bristol Bay Watershed Assessment, or any part of it, to support or justify EPA's ongoing Section 404(c) proceedings.[1]  The motion is opposed by defendants.  Oral argument was requested and has been heard.  In evaluating the motion for preliminary injunction, the court has, in addition to the briefs of the parties, examined the affidavits filed by both plaintiff and defendants, as well as the twenty-three three-ring binders of plaintiff's exhibits.

　　　　The parties have not addressed the subject of security (Rule 65(c)).  The court will address that matter at a subsequent date if requested.

　　　　As explained in greater detail on the record, the court is unpersuaded that plaintiff is likely to succeed on the merits of its contentions with respect to the "anti-mine coalition" and the "anti-mine scientists".  However, the court is persuaded that plaintiff has

---

[1] Motion for Preliminary Injunction at 3, Docket No. 7.

PRELIMINARY INJUNCTION　　　　　　　　　　　　　　　　　　　　　　　　　- 1 -

demonstrated a fair chance of success on the merits – at least raising a question serious enough to justify litigation – with respect to the "anti-mine assessment team," which is composed primarily of the "Bristol Bay Assessment Team," a subgroup of which is the "Inter-Governmental Technical Team".

Based upon extant case law, the court concludes that plaintiff will have no remedy for claimed Federal Advisory Committee Act (FACA) violations and will therefore suffer irreparable harm if it is not permitted to litigate its FACA claims prior to final agency action on the pending Section 404(c) proceedings.

In proceedings such as this where the Government is a party, the balance of hardships analysis and public interest analysis merge. Here, the balance of hardships and public interest both tip sharply in plaintiff's favor. A preliminary injunction is by its very nature temporary. Defendants' efforts in furtherance of Section 404(c) proceedings will not be lost or wasted if a preliminary injunction is granted. The public will not be harmed by a preliminary injunction allowing the court to evaluate plaintiff's claims because there is no work going on at the proposed Pebble Mine site, and plaintiff has not even applied for a permit to construct such a mine. It is in the public interest that government agencies comply with FACA. If defendants have not complied with that act, there will of course be consequences; but here, government compliance with the act is deemed more important than a rapid Section 404(c) evaluation of a hypothetical Pebble Mine.

At this preliminary injunction stage of the case, the court perceives there will be only a brief delay, and that no harm to defendants will flow from the granting of a preliminary injunction. Plaintiff, on the other hand, is unlikely to have any remedy if its FACA claims are not resolved prior to a final Section 404(c) decision by defendants.

Plaintiff's motion for a preliminary injunction[2] is granted.

---

[2] Docket No. 7.

Defendants Environmental Protection Agency and Gina McCarthy, in her official capacity as Administrator of the Environmental Protection Agency, and those parties' officers, agents, servants, employees, and attorneys, as well as other persons who are in active concert or participation with the foregoing, are enjoined and restrained from taking any action in furtherance of a decision to veto a possible Pebble (Bristol Bay area) mine project pursuant to Section 404(c) of the Clean Water Act until after the court has ruled on the merits of plaintiff's complaint. More particularly, defendants and the regional administrator for EPA Region 10 shall not issue any recommendation on a pending proposed determination regarding the Pebble Mine project until after the court has ruled on the merits of plaintiff's complaint.

Dated at Anchorage, Alaska, this 25th day of November, 2014.

/s/ H. Russel Holland
United States District Judge