IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,           )
                                       )
                    Plaintiff,         )
                                       )
      vs.                              )
                                       )
ENVIRONMENTAL PROTECTION               )
AGENCY, et al.,                        )
                                       )   No. 3:14-cv-0171-HRH
                    Defendants.        )
_____ )

O R D E R

Case Status

The court has reviewed the parties' status report[1] filed on December 3, 2014. The court hereby approves the schedule proposed by the parties, as follows:

1. Defendants' pending motion to dismiss[2] shall be, and hereby is, withdrawn without prejudice.

2. Plaintiff shall file a first amended complaint on or before December 19, 2014.

---

[1]Docket No. 91.

[2]Docket No. 69.

3. Defendants shall file a motion to dismiss that responds to the first amended complaint on or before January 23, 2015.

4. Plaintiff's opposition to defendants' motion to dismiss shall be filed on or before February 17, 2015.

5. Defendants' reply in support of their motion to dismiss shall be filed on or before March 6, 2015.

6. A hearing on defendants' forthcoming motion to dismiss will be scheduled as soon as the court has completed its review of the motion.

The status report also raises an issue as to the scope of the preliminary injunction. Defendants take the position that the EPA can continue to do internal work related to the 404(c) process and can continue to meet with outside groups regarding the 404(c) process. Plaintiff takes the position that the EPA must cease all activities of any kind that are related to the 404(c) proceeding.

The preliminary injunction states, in pertinent part, that

> [d]efendants Environmental Protection Agency and Gina McCarthy, in her official capacity as Administrator of the Environmental Protection Agency, and those parties' officers, agents, servants, employees, and attorneys, as well as other persons who are in active concert or participation with the foregoing, are enjoined and restrained from taking any action in furtherance of a decision to veto a possible Pebble (Bristol Bay area) mine project pursuant to Section 404(c) of the Clean

Water Act until after the court has ruled on the merits of plaintiff's complaint.[3]

This means that defendants must stop all work connected to the 404(c) proceeding. Defendants may not engage in any activities related to the 404(c) process.

In light of the language of the preliminary injunction, a hearing on the scope of the preliminary injunction is not deemed necessary. Defendants may, however, file a brief memorandum with respect to the issue of security (Rule 65(c)), to which plaintiff may respond. Defendants' brief, should they elect to file one, shall be filed on or before December 11, 2014. Plaintiff's response, if any, shall be filed on or before December 18, 2014.

DATED at Anchorage, Alaska, this 4th day of December, 2014.

/s/ H. Russel Holland
United States District Judge

---

[3]Preliminary Injunction at 3, Docket No. 90.