Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Linda Bailey (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
*ryoerges@steptoe.com*
*lbailey@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
FISHER BROYLES LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Telephone: (202) 459-3599
Facsimile: (516) 706-9877
*tony.onorato@fisherbroyles.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, | |
| Plaintiff, | **PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)** |
| vs. | |
| ENVIRONMENTAL PROTECTION AGENCY, *et al.* | **CIVIL ACTION NO. 3:14-cv-00171-HRH** |
| Defendants. | |

In an Order From Chambers dated May 4, 2015 (Docket No. 122), the Court expressed concern whether a pending investigation by the Office of the Inspector General of the U.S. Environmental Protection Agency (the "OIG") into the EPA's efforts preemptively to veto the Pebble Mine pursuant to § 404(c) of the Clean Water Act may also involve Plaintiff's claims in this case that EPA has violated the Federal Advisory Committee Act, 5 U.S.C. App. II 1, *et seq*. The Court requested that the parties state their positions on whether the Court should proceed with its consideration of Defendants' pending motion to dismiss (scheduled for argument on May 28, 2015) "prior to the completion of the Inspector General's proceedings." (Docket No. 122 at 1.)

For the following reasons, Plaintiff respectfully submits that the Court should proceed with Defendants' motion to dismiss, as scheduled.

As the Court knows, Plaintiff is well aware of the OIG's investigation. Indeed, when the actual state of affairs regarding EPA's § 404(c) proceedings emerged from the documents that EPA produced pursuant to Plaintiff's FOIA requests, Plaintiff's parent, Northern Dynasty Minerals, Ltd., sent a letter on January 9, 2014, to the EPA's Inspector General, the Honorable Arthur A. Elkins, Jr., requesting that he commence an investigation into whether the EPA's Bristol Bay Watershed Assessment violated the Information Quality Act, Public Law 106-554; EPA's guidelines under that Act, 67 Fed. Reg. 8452, 8453 (Feb. 22, 2002); and EPA's risk assessment and peer review policies. That 26-page submission (with several exhibits attached) set forth facts showing that EPA's § 404(c) proceedings regarding the Pebble Mine were biased and lacked any semblance of objectivity.

PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 1

Case 3:14-cv-00171-HRH   Document 123   Filed 05/14/15   Page 2 of 7

During the following year, and as EPA continued to produce documents under FOIA, Northern Dynasty Minerals and Plaintiff made several additional submissions to the OIG (any of which Plaintiff will provide to the Court, if requested):

> February 18, 2014, 9-page letter, arguing that, as with the draft of the Bristol Bay Watershed Assessment, EPA's final version was biased and scientifically unreliable.

> March 19, 2014, 30-page letter, providing a detailed chronology of EPA's improper and biased conduct in connection with the § 404(c) proceedings based on a thorough review of EPA's (heavily redacted) emails produced up to that point under FOIA.

> August 28, 2014, 10-page letter, updating the OIG on additional documents produced by EPA under FOIA; noting that EPA was withholding many documents based on the "deliberative process privilege"; describing the close relationship that EPA had with individuals and groups that opposed the Pebble Mine; and notifying the OIG of Phillip North's suspicious behavior in avoiding a congressional subpoena by fleeing the country.

> September 16, 2014, 6-page letter, explaining that Ann Maest, an anti-mine scientist on whom EPA heavily relied in preparing its watershed assessment, had been found to have acted improperly and fraudulently in connection with her studies supporting a class of plaintiffs in litigation against Chevron in Ecuador.

> October 31, 2014, 36-page letter, summarizing the substantial evidence of EPA's bias and manipulation of the § 404(c) proceedings.

> November 21, 2014, 2-page letter, describing an instance in which EPA refused to accept input from a scientist who did not share EPA's anti-mine bias.

> January 27, 2015, 6-page letter, providing additional examples of EPA's refusing to accept input from scientists with views contrary to EPA's and contrasting that refusal to EPA's

PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 2

Case 3:14-cv-00171-HRH   Document 123   Filed 05/14/15   Page 3 of 7

routine acceptance of submissions from anti-mine scientists even though the comment period on the Bristol Bay Watershed Assessment had ended.

> February 12, 2015, 11-page letter, describing in greater detail the anti-mine bias of two scientists, Carol Ann Woody, Ph.D., and Ann Maest, and their roles in drafting EPA's Bristol Bay Watershed Assessment.

> February 27, 2015, 5-page letter, describing newly produced FOIA documents showing that EPA helped to draft the petition from the Native Alaskan Tribes that purportedly triggered EPA's § 404(c) proceedings.

> March 12, 2015, 7-page letter, bringing to the OIG's attention (i) the EPA's "Options Paper," which established that EPA had in fact decided to veto the Pebble Mine before the Bristol Bay Watershed Assessment was prepared, and (ii) the impropriety in allowing EPA's Region 10 counsel to oversee EPA's FOIA response, given her involvement in the underlying events and her improper communications with counsel for various anti-mine groups.

> March 20, 2015, 4-page letter, arguing that EPA's public representations that the Bristol Bay Watershed Assessment would not be a document on which any regulatory decision would be made were false when made.

> April 17, 2015, 6-page letter, describing the collusion between Phillip North, who was integral to EPA's plan to use § 404(c) to veto the Pebble Mine, and Geoffrey Parker, counsel to certain native Alaskan tribes and other anti-mine opponents.

> May 12, 2015, 8-page letter, providing information to the OIG regarding possible violations of revolving-door statutes, regulations, and executive orders by two individuals who have been deeply involved in EPA's § 404(c) proceedings.

PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 3

Case 3:14-cv-00171-HRH   Document 123   Filed 05/14/15   Page 4 of 7

Plaintiff's submissions to the OIG provide support for Plaintiff's position that EPA acted in an improper, biased manner that is wholly inconsistent with how a federal regulatory agency should operate and that should merit an OIG investigation. None of Plaintiff's submissions, however, asks the OIG to investigate whether EPA violated the Federal Advisory Committee Act. Plaintiff's January 27, 2015, letter is the only one even to mention FACA, and that was done solely to alert the OIG that this Court had entered a preliminary injunction in this case.

To be sure, the underlying events and circumstances that led Plaintiff to request an investigation by the Inspector General are the same events and circumstances that undergird Plaintiff's FACA claims in this case. However, although Plaintiff has no way of knowing the full scope of the Inspector General's investigation, Plaintiff has no reason to believe—and has certainly made no such request of its own—that the OIG is examining whether EPA violated FACA.

Moreover, if, as Plaintiff has argued, the Court should deny Defendants' pending motion to dismiss and thus permit discovery to go forward, Plaintiff does not believe that the proceedings in this case would interfere with the Inspector General's investigation. Of course, should any such conflict arise, any party would be free to ask the Court to address the situation on an *ad hoc* basis.

PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 4

Case 3:14-cv-00171-HRH   Document 123   Filed 05/14/15   Page 5 of 7

Plaintiff's counsel are available at the Court's convenience to address this matter further in whatever way the Court deems appropriate.

Dated May 14, 2015

Respectfully submitted,

/s/ Thomas Amodio

Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Linda Bailey (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
*ryoerges@steptoe.com*
*lbailey@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
FISHER BROYLES LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Telephone: (202) 459-3599
*tony.onorato@fisherbroyles.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 5

Case 3:14-cv-00171-HRH   Document 123   Filed 05/14/15   Page 6 of 7

# CERTIFICATE OF SERVICE

I certify that on this 14th day of May, 2015, I electronically filed a copy of **PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)** using the CM/ECF system, which will electronically serve counsel for Defendants, RICHARD L. POMEROY, STUART JUSTIN ROBINSON, BRAD P. ROSENBERG, and ROBIN F. THURSTON.


/s/ Mark Murphy

PLAINTIFF'S STATEMENT OF POSITION REGARDING ORDER FROM CHAMBERS (DOCKET NO. 122)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 6

Case 3:14-cv-00171-HRH   Document 123   Filed 05/14/15   Page 7 of 7