BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
KAREN L. LOEFFLER
United States Attorney
District of Alaska
JOHN R. TYLER
Assistant Branch Director
Federal Programs Branch
BRAD P. ROSENBERG
ROBIN F. THURSTON
STUART J. ROBINSON
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20001
Phone: (202) 514-3374
Email: brad.rosenberg@usdoj.gov
RICHARD L. POMEROY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513
Telephone: (907) 271-5071

*Attorneys for Defendants*
*Environmental Protection Agency*
*and Administrator Gina McCarthy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br><br> ENVIRONMENTAL PROTECTION AGENCY and GINA MCCARTHY, <br><br> Defendants. | Case No. 3:14-cv-00171-HRH <br><br><br> **STATEMENT OF POSITION IN RESPONSE TO THIS COURT'S ORDER OF MAY 4, 2015 REGARDING THE EPA OIG EVALUATION** |

## INTRODUCTION

On May 4, 2015, this Court issued an Order from Chambers that identified an article published in the Alaska Dispatch News. See Dkt. No. 122. That article noted that EPA's Office of Inspector General ("OIG") is reviewing EPA's activities with respect to Bristol Bay. See Erica Martinson, Pebble Mine Backers Aren't Ready to Give Up the Gold, Alaska Dispatch News, May 2, 2015 (hereinafter, ADN article), available at http://www.adn.com/article/20150502/pebble-mine-backers-arent-ready-give-gold (last visited May 12, 2015). The Court's Order requested that the parties file a brief statement of position on whether the Court should proceed with its May 28, 2015 hearing on the government's motion to dismiss. The government respectfully requests that the Court proceed with the May 28 hearing as scheduled.

## POSITION

As noted in the ADN article, EPA's OIG is reviewing EPA's actions in Bristol Bay. That review began in May, 2014 and, thus, predated plaintiff's Federal Advisory Committee Act ("FACA") lawsuit by approximately four months. While the article describes, in very general terms, some of the issues surrounding the OIG review, there are two statements in the ADN article that require clarification. First, the article (and this Court's Order) refers to the OIG review as an "investigation." It is not: The OIG Office of Program Evaluations is conducting an "evaluation," which is different from, and narrower in scope than, investigations conducted by the OIG's Office of Investigations. See EPA OIG Strategic Plan, 2012-2016, at 4-5 (attached hereto as an exhibit) (describing differences between evaluations and investigations).[1] Second, the article indicated that

---

[1] As described in the EPA OIG Strategic Plan, Program Evaluations "examine root causes, effects, and opportunities leading to conclusions and recommendations that influence systemic changes and contribute to the accomplishment of the Agency's mission." Id. at 4. They "answer specific questions about how well a program is working" and typically consist of process evaluations,

Pebble Ltd. Partnership v. EPA, No. 3:14-cv-00171-HRH                                            Page 2

the OIG would complete its evaluation "sometime this summer." In fact, a representative from the OIG has informed undersigned counsel that the OIG does not currently anticipate releasing a final report until February, 2016.

The government is very concerned that postponing a decision on its motion to dismiss will unduly delay this litigation. This Court entered its preliminary injunction in November, 2014, and the OIG does not anticipate releasing its final report until February, 2016. If this Court were to delay the resolution of the government's motion to dismiss, EPA will have been subject to the Court's preliminary injunction for more than a year without the Court even deciding whether plaintiff has stated a valid FACA claim in the first instance. The Court's preliminary injunction—which the government respectfully believes is overly broad in scope to the extent it prohibits EPA from taking any internal action whatsoever—has caused enormous uncertainty not only for the Agency, but for the people of Alaska generally, many of whom have participated in the preparation of the Bristol Bay Watershed Assessment ("BBWA") and EPA's regulatory process.[2] Accordingly, the government believes that this case should proceed in the normal course.

At this early stage of the proceedings, the government has filed a motion to dismiss that raises three separate arguments. Two of those arguments—defendants' jurisdictional argument and defendants' argument pursuant to Rule 8—do not address the substance of plaintiff's claims, but

---

outcome evaluations, impact evaluations, and cost-benefit evaluations. *Id.* Investigations, by contrast, tend to focus on criminal matters and integrity issues. *Id.* at 4-5. EPA OIG's review is an evaluation and not an investigation.

[2] As the government has previously noted, the public has participated extensively in both the preparation of the BBWA and the separate Section 404(c) process, including through the submission of more than one million comments on the drafts of the BBWA, public participation in meetings and listening sessions regarding the BBWA, the submission of more than 670,000 comments on EPA's Proposed Determination, and public participation in hearings regarding the Proposed Determination.

instead relate to legal issues. The OIG's evaluation can have no possible bearing on the resolution of those legal questions.

Nor does the OIG's evaluation bear upon the government's motion to dismiss for failure to state a claim. As the government set forth in the motion, plaintiff has not met its burden to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual findings that the OIG might reach—even if they were both relevant to this case and admissible—do not bear on whether plaintiff has stated a claim in the first instance. While it is possible that the OIG's final report might contain some findings that plaintiff might find favorable, it is just as possible that the OIG's final report might contain findings that defendants might find favorable. Those possibilities, however, do not justify a delay in this Court's proceedings and should not inform this Court's decision on whether this case should be dismissed.[3]

Finally, the government does not believe that the Court's issuance of a decision would have any effect on the OIG's evaluation. That evaluation is proceeding on a separate track from this litigation, and the question of whether or not plaintiff has stated a FACA claim for purposes of resolving a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure has no bearing on the standards that the OIG may be applying. In that regard, this Court's issuance of a decision on the government's motion to dismiss would have no more effect on the OIG's evaluation than did its decision to grant plaintiff's request for a preliminary injunction (in other words, none).

For the foregoing reasons, the government respectfully requests that the Court proceed with its May 28 hearing as planned. If the Court has any remaining concerns as to whether the

---

[3] In this regard, the speculative possibility that the OIG might uncover or opine on information potentially relevant to plaintiff's claims would not justify permitting those claims to proceed past the motion to dismiss stage any more than the possibility that plaintiff might uncover information relevant to its claims as part of routine discovery. The threshold question that the Court must decide is whether plaintiff has alleged valid FACA claims.

Pebble Ltd. Partnership v. EPA, No. 3:14-cv-00171-HRH                                             Page 4

Case 3:14-cv-00171-HRH   Document 124   Filed 05/14/15   Page 4 of 7

conclusions from the OIG's evaluation may be relevant in the litigation, the parties can address those concerns at the hearing. If the Court is still contemplating a delay in the proceedings in this case, the government respectfully requests an opportunity to be heard on the scope of the Court's preliminary injunction.

## **CONCLUSION**

The government respectfully requests that this Court proceed with its currently scheduled May 28, 2015 hearing on the government's motion to dismiss.

| | |
|---|---|
| May 14, 2015 | Respectfully submitted, |
| KAREN L. LOEFFLER<br>United States Attorney<br>District of Alaska | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| RICHARD L. POMEROY<br>Assistant United States Attorney<br>District of Alaska | JOHN R. TYLER<br>Assistant Branch Director<br>Federal Programs Branch |
| | /s/ Brad P. Rosenberg<br>BRAD P. ROSENBERG<br>(DC Bar No. 467513)<br>ROBIN F. THURSTON<br>(Illinois Bar No. 6293950)<br>STUART J. ROBINSON<br>(California Bar No. 267183)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Phone: (202) 514-3374 (Rosenberg)<br>Phone: (202) 616-8188 (Thurston)<br>Phone: (202) 514-9239 (Robinson)<br>Fax: (202) 616-8460<br>Email: brad.rosenberg@usdoj.gov<br>Email: robin.f.thurston@usdoj.gov<br>Email: stuart.j.robinson@usdoj.gov<br><br>Courier Address:<br>20 Massachusetts Ave., N.W.<br>Washington, DC 20001<br><br>Mailing Address:<br>P.O. Box 883<br>Washington, DC 20044<br><br>*Attorneys for Defendants*<br>*Environmental Protection Agency and*<br>*Administrator Gina McCarthy* |

CERTIFICATE OF SERVICE

      I certify that on May 14, 2015, I caused to be filed electronically the foregoing STATEMENT OF POSITION IN RESPONSE TO THE COURT'S ORDER OF MAY 4, 2015 REGARDING THE EPA OIG EVALUATION with the Clerk of Court using the Court's CM/ECF system, which sends a Notice of Electronic Filing to counsel of record.

                                        /s/ Brad P. Rosenberg
                                        BRAD P. ROSENBERG