Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Linda Bailey (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
*ryoerges@steptoe.com*
*lbailey@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
FISHER BROYLES LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Telephone: (202) 459-3599
Facsimile: (516) 706-9877
*tony.onorato@fisherbroyles.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, | |
| | **MOTION UNDER Fed. R. Civ. P.** |
| Plaintiff, | **26(b)(2)(A)** |
| | |
| vs. | **CIVIL ACTION NO.** |
| | **3:14-cv-00171-HRH** |
| ENVIRONMENTAL PROTECTION AGENCY, *et al.* | |
| | |
| Defendants. | |

Pursuant to Rule 26(b)(2)(A) of the Federal Rules of Civil Procedure, and in the interest of moving this case forward expeditiously, Plaintiff Pebble Limited Partnership requests that the Court enter an order that expressly allows Plaintiff to take the depositions of three current EPA employees—Dennis McLerran, Palmer Hough, and Jeff Frithsen—in two phases, as described more fully herein.[1]

## BACKGROUND

1. On June 26, 2015, pursuant to Fed. R. Civ. P. 26(f), counsel for the parties convened to discuss issues relating to discovery and scheduling. At that meeting, Plaintiff's counsel expressed their keen interest in moving promptly toward resolution of this case. Counsel for Defendants agreed in concept, but they expressed serious concerns about whether EPA had the resources to respond under the time restrictions imposed by the Federal Rules of Civil Procedure to what they reasonably expected would be substantial document requests. Plaintiff's counsel advised Defense counsel that they fully appreciate those concerns, but they underscored that, while they are willing to make reasonable accommodations to Defendants regarding the timing of the latter's production of documents, they did not want to defer other forms of discovery (most importantly, depositions) pending Defendants' production.

2. In light of Plaintiff's desire to move forward with all deliberate speed and Defendants' logistical concerns about producing documents in a timely fashion under the Rules, Plaintiff's counsel proposed that, with respect to a limited number of EPA witnesses, Defendants agree that (a) Plaintiff would be permitted to begin with depositions early in the litigation—quite possibly before Defendants have completed the production of pertinent documents—and (2) Defendants would not object thereafter to Plaintiff's re-convening those depositions at a later

---

[1] The first deposition relevant to this motion is of Dennis McLerran, currently noticed to occur on August 25, 2015.

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 1

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 2 of 10

time (after Defendants' document production is completed), should Plaintiff deem that it is then necessary to do so in light of documents produced after the first deposition.[2]

3. Defendants rejected Plaintiff's proposal on the grounds that it raised "too many potential logistical and substantive issues."

4. Plaintiff filed the parties' Scheduling & Planning Conference Report[3] on July 14, 2015.

5. One day later, Plaintiff served on Defendants a comprehensive set of 101 document requests and a notice for the taking of depositions of five EPA employees (two of whom seem to have recently departed the agency), along with several non-party depositions.

6. On July 17, 2015, in a telephonic conversation, Plaintiff's counsel again raised the issue of taking the EPA depositions in two phases. On July 21, 2015, Defendants again rejected Plaintiff's proposal.

## ARGUMENT

1. In an ordinary case, a party typically defers depositions until the opponent concludes its production of documents. In that way, the party taking depositions assures itself that the documents relevant to a particular deponent will be addressed at the deposition without the need to reach agreement with his opponent (who typically would be expected to oppose) or to seek relief from a court to re-open the deposition and, perhaps, to exceed to 7-hour limit imposed by the rules.

---

[2] As this Court well knows, Plaintiff has received many documents from EPA through FOIA requests. Although Plaintiff's position is that EPA's search for documents was inadequate under FOIA and that EPA's reliance on the "deliberative process" privilege has been overly broad, Plaintiff nonetheless has documents sufficient to make substantial headway with the depositions of the three current EPA employees whom it has noticed for deposition.

[3] Docket No. 135.

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 2

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 3 of 10

2. In this case, however, and given the extensive time period covered by the relevant facts, practical considerations will, according to Defendants, delay Defendants' production of documents such that, should Plaintiff be required to wait until Defendants' production is complete, important EPA depositions will in all likelihood not commence until well into the first quarter—perhaps not even until the second quarter—of 2016.

3. Plaintiff seeks certainty and clarity as soon as possible about the lawfulness of EPA's efforts to veto the Pebble Mine, and a delay of the kind suggested by Defendants will exacerbate the current lack of clarity and uncertainty.

4. Plaintiff's proposal regarding the "phasing" of a limited number of EPA depositions (three) serves the interests of justice by moving the case along promptly. It permits meaningful discovery to proceed apace, while at the same time establishing some basic "ground rules" that would permit Plaintiff to re-convene these depositions at a later time should Defendants produce additional documents on which Plaintiff would need to take further deposition discovery.

5. There is also a significant benefit to beginning depositions sooner rather than later (indeed, perhaps much later). Depositions are often the best means to obtain information that provides the parties with a basis to resolve their disputes. As this Court knows, there is no shortage of cases in which the parties steadfastly refuse to address settlement until witnesses begin testifying in deposition. In this case, Plaintiff strongly believes that depositions of key EPA employees such as the three at issue here will substantially increase the chances that this case settles sooner.

6. This Court has broad discretion to establish "ground rules" for the three EPA depositions, as proposed by Plaintiff. "By order, the court may alter the limits in these rules on the number of depositions and interrogatories *or on the length of depositions.* Fed. R. Civ. P.

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 3

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 4 of 10

26(b)(2)(A) (emphasis added). Indeed, "[t]he court must allow additional time . . . *if needed to fairly examine the deponent*." Fed. R. Civ. P. 30(d)(1) (emphasis added). Moreover, the rules of procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

7. Allowing Plaintiff to begin the three EPA depositions and then to re-convene any one of them should documents be produced that trigger the need to inquire further would help "secure the just, speedy, and inexpensive determination" of this case. *See Alaska Snowmobile Ass'n v. Babbitt*, No. A99-59 CV (JWS), 1999 WL 33456491 at *1 n.2 (D. Alaska Nov. 18, 1999) ("[T]his court enjoys some discretion to relax strict observance of the rules in certain circumstances and may elect to do so . . . in the interests of justice."), *vacated on other grounds*, No. 00-35113, 2001 WL 770442 (9th Cir. Jan. 10, 2001).

8. By contrast, granting the requested relief would not prejudice Defendants in any way. Indeed, supplemental depositions will only become necessary if EPA is unable to produce documents in a timely fashion. If Defendants are able fully to respond to Plaintiffs' first request for production of documents, which is due in advance of the first scheduled EPA deposition (August 25, 2015), then Plaintiff expects to be in a position to conclude these depositions in one sitting. Indeed, EPA has claimed in the related FOIA litigation that its search for and production of documents has been adequate. If that were true, then Plaintiff would anticipate that relatively few new documents will be produced in discovery in this case.

Defendants, however, have raised concerns about whether they will be able to respond in full to the document requests as required by the Rules. If that is the case—and, again, Plaintiff appreciates the practicalities of litigation and thus has no basis to challenge Defendants' own sense of their timing and internal limitations—then imposing the "ground rules" proposed by Plaintiffs for these three depositions is eminently fair.

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 4

# CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's motion and allow Plaintiff to supplement the depositions of the three EPA employees (Dennis McLerran, Palmer Hough, and Jeff Frithsen), if Plaintiff deems it necessary, by reconvening them, without counting further against the total number of depositions. The Court may grant the request in a separate order (a form of which Plaintiff submits herewith) or as part of its Rule 16 Scheduling Order. *See* Fed. R. Civ. P. 16(b)(3)(B)(ii) (permitting the Court in its scheduling order to "modify the extent of discovery").


Dated: July 22, 2015  Respectfully submitted,

/s/  Thomas Amodio
Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone:  (907) 222-7100
Facsimile:  (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Linda Bailey (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902
*ryoerges@steptoe.com*
*lbailey@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
FISHER BROYLES LLP
445 Park Avenue, Ninth Floor

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 5

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 6 of 10

New York, NY 10022  
Telephone: (202) 459-3599  
Facsimile: (516) 706-9877  
*tony.onorato@fisherbroyles.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)  
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH  
Page 6  
Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 7 of 10

Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Linda Bailey (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
*ryoerges@steptoe.com*
*lbailey@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
FISHER BROYLES LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Telephone: (202) 459-3599
Facsimile: (516) 706-9877
*tony.onorato@fisherbroyles.com*

*Attorneys for Plaintiff Pebble Limited Partnership*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, | |
| | **GOOD FAITH CERTIFICATE** |
| Plaintiff, | |
| | **CIVIL ACTION NO.** |
| vs. | **3:14-cv-00171-HRH** |
| ENVIRONMENTAL PROTECTION AGENCY, *et al.* | |
| Defendants. | |

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 7

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 8 of 10

The undersigned counsel certify that they have conferred in good faith with opposing counsel to resolve the issues in question. Plaintiff's counsel has determined that it is necessary to file the present motion. Counsel for Defendants have indicated that they oppose this motion.

Dated: July 22, 2015

Respectfully submitted,

/s/ Thomas Amodio

Thomas Amodio, Bar No. 8511142
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
Telephone: (907) 222-7100
Facsimile: (907) 222-7199
*tom@reevesamodio.com*

Roger W. Yoerges (*pro hac vice*)
Linda Bailey (*pro hac vice*)
Timothy A. Work (*pro hac vice*)
Mark Murphy (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
*ryoerges@steptoe.com*
*lbailey@steptoe.com*
*twork@steptoe.com*
*mmurphy@steptoe.com*

Anthony A. Onorato (*pro hac vice*)
FISHER BROYLES LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
Telephone: (202) 459-3599
Facsimile: (516) 706-9877
*tony.onorato@fisherbroyles.com*
*Attorneys for Plaintiff Pebble Limited Partnership*

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 8

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 9 of 10

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of July, 2015, I electronically filed a copy of **PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)** using the CM/ECF system, which will electronically serve counsel for Defendants RICHARD L. POMEROY, STUART JUSTIN ROBINSON, BRAD P. ROSENBERG, and ROBIN F. THURSTON.

/s/  Mark Murphy

PLAINTIFF'S MOTION PURSUANT TO RULE 26(b)(2)(A)
*Pebble Ltd. P'ship v. U.S. Envtl. Prot. Agency, et al.*, Case No. 3:14-cv-00171-HRH
Page 9

Case 3:14-cv-00171-HRH   Document 136   Filed 07/22/15   Page 10 of 10