IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,            )
                                       )
                      Plaintiff,       )
                                       )
    vs.                                )
                                       )
ENVIRONMENTAL PROTECTION               )
AGENCY and GINA McCARTHY,              )
                                       )     No. 3:14-cv-0171-HRH
                      Defendants.      )
_____)

PROTECTIVE ORDER

Upon the joint motion[1] of the parties in the above-captioned matter,

IT IS HEREBY ORDERED that the following Protective Order shall apply for all proceedings in this matter.

<u>Disclosure of Privacy Act Protected and Confidential Business Information.</u>

1.   In accordance with the terms of this Protective Order:

a.   Pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to release to Plaintiff's counsel, the Court, and third-parties as defined in and subject to the provisions of subparagraph 6(b) of this Order, records or information containing Privacy Act-protected information, unredacted of such information, without obtaining prior written consent of the individuals whose names, addresses, and other identifying information may

---

[1] Docket No. 140.

be present in such documents.  In lieu of releasing such records or information pursuant to the terms of this Order, Defendants are also authorized to redact non-responsive Privacy Act-protected information.

      b.      The parties are authorized to release to opposing counsel, the Court, and such persons defined in and subject to the provisions of subparagraph 6(b) of this Order, records or information that contain trade secrets or confidential business or financial information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G), and, as applicable to Defendants, 40 C.F.R. Part 2, Subpart B, and 18 U.S.C. § 1905, or other statute or regulation restricting disclosure.

Such disclosure of Privacy Act or confidential business information is subject to the conditions set forth herein.

      2.      All materials produced by the parties or adduced in the course of discovery in this litigation, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), that contain Privacy Act or confidential business information shall be subject to this Order.  This Order is subject to the Local Rules of the District of Alaska and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

      3.      As used in this Order, "Confidential Information" means:

      (a)      information designated by Defendants as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that may be potentially covered by the Privacy Act, 5 U.S.C. § 552a; and

      (b)      information designated by counsel for either party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that contains trade secrets or confidential

PROTECTIVE ORDER     - 2 -

Case 3:14-cv-00171-HRH   Document 143   Filed 08/10/15   Page 2 of 17

business or financial information within the scope of Federal Rule of Civil Procedure 26(c)(1)(G), and, as applicable to Defendants, 40 C.F.R. Part 2 and 18 U.S.C. § 1905, or other statute or regulation restricting disclosure.

4. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time when the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. The designation of a document as Confidential Information is a certification by an attorney that the document may contain Confidential Information as defined in this order.

5. Depositions. At the time deposition testimony is taken, counsel may preliminarily designate topics of testimony as Confidential Information. Such preliminarily designated information shall be treated as Confidential Information until no later than the fourteenth day after the transcript is delivered to any party or the witness for

review, provided that designating counsel request that such delivery be expedited. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Notwithstanding this provision, nothing herein shall prevent the use of preliminarily designated deposition testimony in other depositions in this litigation.

      6.    Protection of Confidential Information.

    (a)    <u>General Protections</u>. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    (b)    <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity, or to the public except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        (1)    Parties and counsel for the parties in this action. Counsel for the parties include agency or in-house counsel and employees and law clerks of counsel who have responsibility for the action;

        (2)    Key Employees. Those employees of the parties (including parent company) who have responsibility for this litigation;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Persons retained by the parties or their counsel to assist in organizing or processing documents, discovery, preparation for any hearing or trial, or to serve as expert witnesses, provided that disclosure to such persons is reasonably and in good faith calculated to aid in litigating this case but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(7) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) <u>Control of Documents</u>. All individuals, with the exception of the Court, to whom documents or information subject to this order are disclosed shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity. Counsel shall maintain the originals of such certifications for a period of three years after the termination of the case. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

7. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. Any Court filings that contain Confidential Information pursuant to this Order shall be made under seal. The party responsible for such filing shall, within seven days, also file a redacted version that is publicly available.

9. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)     <u>Meet and Confer</u>.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for their belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within ten (10) business days.

(b)     <u>Judicial Intervention</u>.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a statement that affirms that the movant has complied with the meet and confer requirements of this procedure.   Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without publicly disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. Obligations on Conclusion of Litigation.

(a) <u>Order Continues in Force</u>.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Obligations at Conclusion of Litigation</u>.  Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) retention is otherwise required by law.

(c) <u>Retention of Work Product and one set of Filed Documents</u>.  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) <u>Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System</u>.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or

presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. Neither the United States nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiff's counsel under this Order, or of any information contained in such documents.

16. Recognizing that Plaintiff may seek in discovery production of a large volume of documents from Defendants, so long as counsel for Defendants exercise reasonable efforts to prevent the disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other than as permitted under the terms of this Order, disclosures under this Order including inadvertent disclosures of such information shall not be construed as a violation of the Privacy Act.

17. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than Privacy Act protected information.

Protection of Privileges.

18. Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and pursuant to Rule 502 of the Federal Rules of Evidence, this Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence.

19. Pursuant to Rule 502(d) of the Federal Rules of Evidence, disclosure of privileged or protected information or documents in connection with this litigation will

not constitute or be deemed a waiver or forfeiture — in this or any other federal or state proceeding — of any claims of attorney-client privilege, work product protection, the deliberative process privilege, or any other privilege that the disclosing party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

20.     The disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court.  Such disclosure will not constitute a waiver of the disclosing party's right to claim any privilege or protection that would have applied to the information or documents or their subject matter but for the disclosure, provided only that the party disclaiming waiver employed procedures reasonably designed to identify, withhold, and account for privileged materials.  However, the parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation irrespective of the procedures used to locate privileged materials.

21.     A party who wishes to assert privilege or other protections as to a document inadvertently produced in discovery conducted in this litigation shall notify the receiving party of the identity of the document by its specific identifying characteristic, such as by Bates number.  This notice shall contain information sufficient to identify:  (1) the document, including information as necessary to locate the materials produced; (2) the privilege or other protection that applies; and (3) the date the document was produced. Notice may be made orally on the record at a deposition or hearing, provided that it is subsequently confirmed in writing within thirty calendar days from the date of the hearing or receipt of the deposition transcript by the party asserting privilege or other protection. If the producing party claims that only a portion of  a document is privileged, the

producing party shall provide, along with the notice of the claim of privilege or protection, a new copy of the document with the allegedly privileged or protected portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

22. Upon notice of a privilege or protection from the producing party pursuant to this Order, the receiving party is to immediately return, sequester or destroy the document received and all copies thereof, unless it received the original, in which case it shall return the original to the producing party. (Copies of privileged or protected documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving party must take steps to re-sequester the restored information.) If the receiving party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved. The producing party must preserve the information until the claim is resolved. Fed. R. Civ. P. 26(b)(5)(B).

23. At all times after the producing party provides the requisite notice, the receiving party shall not refer to the allegedly privileged or protected material in any manner, whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, submission to the court, or trial; nor will the receiving party disclose the substance of that material to any third party.

24. Nothing in this Order shall prohibit a party, consistent with the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Orders entered by the court, from withholding from review and/or production any document or portions thereof covered by any privilege(s) or protection(s).

25. If a party identifies a document that appears on its face or in light of facts known to the party to be subject to another party's claim of attorney-client and/or work product privilege, the party identifying the potential claim of privilege is under a good-aith obligation to notify the party holding the potential claim of privilege.

26. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

27. The party wishing to assert a claim of privilege retains the burden of establishing the applicability of the claimed privilege by a preponderance of the evidence. This Order does not preclude a party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a party uses privileged information to support a claim or defense.

28. For all documents withheld from production in full or in part for which the producing party claims a privilege, the producing party shall provide information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) and shall identify for each claim of privilege at a minimum: a description of the information subject to the claim, the author, date, and addressees or recipients of the document (where applicable), the privilege or protection being asserted, and the basis for the claim of privilege. Such information may be provided on a rolling basis, but no later than forty-five days following the date of production of documents from which the documents subject to the claim of privilege were withheld.

<u>Additional Terms</u>.

29. The parties may redact non-responsive information from otherwise responsive documents so long as for all such documents redacted, the producing party

PROTECTIVE ORDER - 13 -

either contemporaneously or in connection with its subsequent privilege log, provides, for each such redaction, a brief description of the nature of the information redacted.

30. The parties may redact non-responsive personally identifiable information from documents prior to release.

31. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

32. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

33. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

34. Nothing in this Order shall be construed to require the production of any discovery by either party.

35. Nothing in this Order shall be construed to waive any objection to production of any discovery on any grounds, asserted by a party.

36. Notwithstanding the provisions above, the production of any documents or data pursuant to this Order does not constitute a waiver by the producing party of any common-law or statutory privilege for the documents that were produced or for similar documents.

37. The terms of this Order are applicable to information produced by former Environmental Protection Agency ("EPA") employees relating to the time period for which they were employed by EPA in this action and designated as Confidential Information. Such information produced by former EPA employees in connection with

this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting such former EPA employees from seeking additional protections.

**So Ordered**.

DATED at Anchorage, Alaska, this  7th  day of August, 2015.

/s/ H. Russel Holland
United States District Judge

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ENVIRONMENTAL PROTECTION ) <br> AGENCY and GINA McCARTHY, ) <br> ) <br> Defendants. ) <br> _____) | No. 3:14-cv-0171-HRH |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

      The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Alaska in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ _____
Signature