BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
KAREN L. LOEFFLER
United States Attorney
District of Alaska
MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch
ROBIN F. THURSTON
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20001
Phone:  (202) 616-8188; Fax: (202) 616-8460
Email: robin.f.thurston@usdoj.gov
RICHARD L. POMEROY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Ave., #9
Anchorage, AK  99513
Phone: (907) 271-5071

*Attorneys for Defendants*
*Environmental Protection Agency and*
*Administrator Gina McCarthy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP,<br><br>    Plaintiff,<br><br>  v.<br><br><br>ENVIRONMENTAL PROTECTION AGENCY and GINA MCCARTHY,<br><br>    Defendants. | Case No. 3:14-cv-00171-HRH<br><br><br>**OPPOSITION TO PLAINTIFF'S MOTION UNDER Fed. R. Civ. P. 26(b)(2)(A)** |

## INTRODUCTION

Although discovery began only a few weeks ago, plaintiff is already seeking to be exempted from the presumptive limits imposed by the Federal Rules of Civil Procedure, specifically Rule 30(d)'s requirement that depositions last for no more than one day. *See* Fed. R. Civ. P. 30(d) Advisory Comm. Notes to 2000 Amendments (Rule 30(d) "imposes a presumptive durational limitation of one day of seven hours for any deposition."). In particular, plaintiff has moved to take the depositions of three Environmental Protection Agency ("EPA") employees—Dennis McLerran, the Regional Administrator of EPA Region 10; Palmer Hough, an EPA Environmental Scientist; and Jeff Frithsen, of EPA's Office of Research and Development—now, and to retain the option to reconvene these depositions at any point in discovery at its sole discretion.

Plaintiff's request seeks to upend the orderly process for discovery set forth in the Federal Rules of Civil Procedure without good cause. Plaintiff wants to keep these three depositions open, contrary to the normal rule, in order to minimize the risk of its own strategic decision to take these depositions at the start of discovery, before defendant has had a fair chance to produce documents in response to plaintiff's numerous complex document requests and before other depositions have occurred. Plaintiff should not be allowed to manufacture good cause in this way. Nor should plaintiff be permitted to manipulate the Federal Rules to pressure defendants to reach a settlement of this case. The one-year discovery period that plaintiff itself agreed to a mere one week before filing the instant motion provides ample time for plaintiff to complete discovery within the parameters of the Federal Rules. If anything, plaintiff's proposal for phased depositions promises to embroil the parties in more disputes and slow down the discovery process.

In addition, plaintiff's request will significantly burden defendants. Plaintiff fails to mention in its motion that Mr. McLerran is an EPA Regional Administrator. Requiring a high-ranking

official, who has greater duties and time constraints than other witnesses, to appear at multiple depositions is particularly burdensome and inappropriate. And for the other two deponents, multiple depositions will also impose burdensome costs and demands on time.

Accordingly, the Court should deny plaintiff's motion.

## ARGUMENT

Rule 30(d)(1) of the Federal Rules of Civil Procedure requires a court to guard against redundant or disproportionate discovery, stating that any additional deposition time must be consistent with Rule 26(b)(2). *See U-Haul Co. of Nevada v. Gregory J. Kamer, Ltd.*, Civil No. 12-00231-KJD, 2013 WL 5278523, at *3 (D. Nev. Sept. 17, 2013). Rule 26(b)(2) allows a court to limit discovery if it is: (1) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the person seeking the discovery has had ample opportunity already to obtain the same information; or (3) the burden or expense of taking the discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). "Analysis begins with the presumption that extensions to the seven-hour limit are the exception, not the rule." *Cohan v. Provident Life & Accident Ins. Co.*, Civil No. 13-00975-LDG, 2014 WL 4231238, at *2 (D. Nev. Aug. 26, 2014); *see also Roberson v. Bair,* 242 F.R.D. 130, 138 (D.D.C. 2007) ("[T]he court should begin with the presumption that the . . . limit was carefully chosen and that extensions of that limit should be the exception, not the rule."). "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d) Advisory Comm. Notes to 2000 Amendments; *see also Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 (C.D. Cal. 2010).

Plaintiff has made no such showing. Rather than good cause, plaintiff's request to keep three depositions open is due to its own strategic choices to take these depositions at the very

beginning of discovery and, at the same time, to serve overly broad and burdensome document requests that ensure it will not have received documents in time for the depositions it has noticed. In fact, plaintiff served on defendants 101 document requests, many of which have numerous subparts,[1] and which are accompanied by voluminous exhibits. Contrary to plaintiff's suggestion, it was not compelled by "the extensive time period covered by the relevant facts" to ask for every document under the sun related to Bristol Bay. *See* Mot. Under Fed. R. Civ. P. 26(b)(2)(A) (ECF No. 136) ("Mot.") at 3. Rather, plaintiff could have narrowly tailored its document requests to the limited question of whether EPA "established or utilized" the alleged advisory committees, especially given the extensive number of documents EPA has already produced in response to plaintiff's Freedom of Information Act requests and the fact that a case of this nature is typically resolved on the basis of an administrative record. *See* Order entered Aug. 4, 2015 at 5 (ECF No. 50). Indeed, plaintiff admits in its motion that it already "has documents sufficient to make substantial headway with the depositions of the three current EPA employees whom it has noticed for deposition." Mot. at 2 n.2.

Defendants are working diligently to respond to plaintiff's document requests, which as plaintiff acknowledges, will necessarily take longer than thirty days given their breadth and complexity.[2] As is common in complex cases involving a potentially large volume of documents,

---

[1] Ten of plaintiff's 101 document requests reference an exhibit that contains 128 separate entries. These requests take various forms, but generally seek documents about communications between EPA and each and every of the 128 individuals or organizations listed on plaintiff's exhibit. As a practical matter, each of these requests is properly viewed as 128 separate document requests. Accordingly, plaintiff's first set of document requests, which on their face appear to consist of 101 separate requests, actually consist of 1,371 separate requests.

[2] Plaintiff's document requests were served on July 15, 2015; accordingly, defendants' objections and responses to those document requests were originally to be due on August 17, 2015. *See* Fed. R. Civ. P. 5(b)(2)(E), 6(d). However, defendants requested, and plaintiff agreed to, a two-week extension of

Pebble Ltd. Partnership v. EPA, No. 3:14-cv-00171-HRH                                                                Page 4

Case 3:14-cv-00171-HRH   Document 144   Filed 08/10/15   Page 4 of 12

defendants expect to produce documents to plaintiff, subject to any objections that they may interpose, on a rolling basis over a period of months. The discovery period of approximately one year agreed upon by the parties and entered by the Court less than three weeks ago takes into account the necessity of an extended period of time to negotiate the appropriate scope of requests and subsequently complete production of documents, which in the normal course would be followed by depositions.

Despite having agreed to this schedule, and serving broad and far-reaching document requests, plaintiff now moves for the extraordinary relief of allowing it to take the depositions of three current EPA employees with the option to reopen those depositions later in litigation "should Plaintiff deem that it is then necessary to do so in light of documents produced after the first deposition." Mot. at 2. Plaintiff argues that these proposed "phased" depositions will be necessary if defendants are unable to complete their document production within thirty days after being served with the requests for production. Plaintiff's implicit suggestion that it would be reasonable for defendants to complete the production within this or a similarly narrow period of time is preposterous. Not only is the volume of documents sought by plaintiff enormous,[3] but given that plaintiff has stated that it will challenge, at a minimum, defendants' assertions of the deliberative process privilege, *see* Mot. at 2 n.2; *see also* Scheduling and Planning Conference Report (ECF No.

---

time for the defendants to serve their objections and responses. Accordingly, those objections and responses are now due on August 31, 2015.

[3] Plaintiff's suggestion that there will be "relatively few new documents" to be produced given the prior FOIA production ignores the sheer scope of the document requests here. Mot. at 4. While there is some overlap between the currently litigated FOIA request on plaintiff's behalf and the document requests here, the overlap is far from complete.
Pebble Ltd. Partnership v. EPA, No. 3:14-cv-00171-HRH      Page 5

135) at 10, there will necessarily be time needed to resolve disputes about those assertions.[4] It is implausible to suggest that document production could be completed and that privilege disputes could be resolved prior to the first of the depositions at issue in this motion—the deposition of Dennis McLerran, currently scheduled for September 9, 2015.[5]

Plaintiff asserts that its phased deposition proposal serves the interests of justice by moving the case along promptly, but this argument, which could always be made in support of such a request, does not establish good cause. As an initial matter, defendants alone are subject to the preliminary injunction in this matter. Delay in resolution of the case therefore uniquely burdens defendants, not plaintiff. Nothing in the lawsuit before the Court prevents plaintiff from moving ahead with its substantive interests in the Pebble Deposit. And in any event, allowing the multi-phased depositions proposed by plaintiff would not change the discovery schedule agreed to by the parties and entered by the Court and therefore would not speed resolution of the lawsuit. Nor would a handful of early depositions provide plaintiff with the "certainty" it claims it seeks as to the lawfulness of EPA's activities. Mot. at 3. Such "certainty" is bestowed only by final judgment by this Court.

The reality is that plaintiff's multi-phase deposition plan would create inefficiencies and further draw out the discovery process. Requiring the three individuals identified by plaintiff to

---

[4] Allowing time to resolve disputes about the deliberative process privilege in the context of document production would also aid efficient resolution of the case as it would likely result in fewer disputes over the privilege in the context of depositions.

[5] Given that document production and disputes over assertions of privilege will almost certainly not be concluded by the time of this deposition, and perhaps by any of the depositions, defendants' position is that if plaintiff decides to proceed with these depositions as noticed, it should not be entitled to reopen the depositions later based upon later-produced documents or a favorable ruling by the Court related to the withholding of privileged information.

submit to multiple days of depositions, with an undefined and intervening time period of weeks or months, with the attendant attorney time spent preparing for and (in the case of the proposed McLerran deposition) traveling to the deposition location, would consume additional time unnecessarily. Moreover, it is extremely likely that the parties would dispute the scope of any subsequent deposition, which could bring the matter before the Court for resolution once again. On the other hand, allowing defendants to follow the normal course of litigation and focus their resources on the time-consuming task of responding to plaintiff's document requests and subsequently preparing for depositions of party witnesses would result in a more orderly and efficient discovery process.

In any event, plaintiff is free to make the strategic choice to move forward with depositions early in the discovery period. Defendants do not object to the taking of early depositions, but they do object to plaintiff's request to have it both ways—to gain discovery from early depositions and still to retain the option to re-open those depositions at any time and at plaintiff's sole discretion. Requests such as this are typically rejected by courts, and for good reason.[6] While newly discovered and unanticipated information may provide good cause to reopen a deposition, regret about strategic choices made in discovery—such as proceeding with premature depositions before document production is complete—does not. *Cf. Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (district court did not abuse discretion in refusing to reopen discovery because the party knew of the potential deponent and made a strategic decision not to depose her); *see also Foster v. Metro. Life Ins. Co.*, No. C-03-02644, 2005 WL 1397512, at *1 (N.D. Cal. June 14, 2005) (denying

---

[6] The one case cited by plaintiff in its motion sets forth general principles regarding discovery and is irrelevant to the facts of plaintiff's motion. *See Alaska State Snowmobile Ass'n v. Babbitt*, No. A99-59 CV (JWS), 1999 WL 33456491, at *1 n.2 (D. Alaska Nov. 18, 1999), vacated on other grounds, No. 00-35113, 2001 WL 770442 (9th Cir. Jan. 10, 2001) (admitting late-filed declarations).

request to re-open deposition where new documents had been produced after deposition). Similarly, attempts such as plaintiff's to hedge its bets with a preemptive and speculative request to extend the time, or in this case the number of days, for a deposition by reopening it are typically rejected. *See Brooks v. Motsenbocker Advanced Devs., Inc.*, Civil No. 07-773, 2008 WL 2033712, at *3 (S.D. Cal. 2008) (request to extend Rule 30's limitation based on anticipation that documents would not be produced was "premature"); *Somerset Studios v. School Specialty, Inc.*, Civil No. 10-5527, 2011 WL 4344596, at *5 (N.D. Cal. Sept. 14, 2011) (noting that "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period"); *Thomas-Young v. Sutter Cent. Valley Hosps.*, Civil No. 12-1410, 2013 WL 3054167, at *2 (E.D. Cal. June 17, 2013) ("If Defendant believes that it still requires more time after concluding the full seven hours of Plaintiff's deposition, Defendant must show 'good cause' as to why the deposition could not be completed."); *Pratt v. Archstone Willow Glen Apartments*, Civil No. 08-3588, 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) ("Defendants should complete their first . . . deposition before seeking leave for additional time.").

Plaintiff also admits that one of the "significant benefit[s]" of its plan for early-phased depositions is "substantially increas[ing]" the likelihood of early settlement. Mot. at 3. While settlement is often a welcome resolution of a case, encouraging settlement, rather than finding relevant and probative evidence, is an "improper purpose" for discovery. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). Altering the standard rules of discovery in a manner that burdens defendants, as plaintiff proposes, in order to pressure defendants to settle is entirely inappropriate.

While proceeding with standard discovery procedures as set forth by the Federal Rules of Civil Procedure would not prejudice plaintiff, deviating from the Rules, as proposed by plaintiff, would prejudice defendants. Requiring the three agency declarants to appear at two separate depositions is time consuming and expensive. *See Brooks*, 2008 WL 2033712, at *3 (noting that if a deposition was to extend to a second day, the continued deposition should occur no later than the following business day "to save the parties time and expense"). It also leaves the deponents in a state of uncertainty as to whether or when they will be recalled and potentially asked questions about testimony given months earlier.

This burden is especially acute with regard to Dennis McLerran, the deposition that plaintiff seeks to take first. Mr. McLerran, the Regional Administrator for Region 10, is a senior policy maker at EPA. Courts widely acknowledge the need to protect such officials from being called to testify in depositions at all in the absence of extraordinary circumstances, let alone being recalled to testify in depositions. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1048 (E.D. Cal. 2010); *Coleman v. Schwarzenegger*, No. CIV S-90-0520, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008) (collecting cases); *see also Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir.1979) ("Heads of government agencies are not normally subject to deposition."). Two reasons underlie the reluctance of courts to allow discovery of high-ranking officials. First, "[h]igh ranking government officials have greater duties and time constraints than other witnesses" and without appropriate limitations, "such officials will spend an inordinate amount of time tending to pending litigation." *Thomas*, 715 F. Supp. 2d at 1048. The rule also protects officials from unwarranted inquiries into their decision-making process. *See United States v. Morgan*, 313 U.S. 409, 422 (1941). While defendants do not dispute that plaintiff may take Mr. McLerran's deposition (as they have identified him in their initial disclosures and as a potential witness), in light of his status as a high-ranking government official, the phased approach

proposed by plaintiff is especially prejudicial.[7] *See United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 321 (D.N.J. 2009) (determining that an EPA Regional Administrator is a high-ranking government official to be protected from depositions in the absence of extraordinary circumstances). Plaintiff's approach would almost guarantee that plaintiff would seek to subject Mr. McLerran to multiple depositions, the opposite result from the rule that the burden on him should be limited.

For the reasons set forth herein, defendants respectfully request that the Court deny plaintiff's motion.

August 10, 2015

Respectfully submitted,

| | |
|---|---|
| KAREN L. LOEFFLER<br>United States Attorney<br>District of Alaska | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| RICHARD L. POMEROY<br>Assistant United States Attorney<br>District of Alaska | MARCIA BERMAN<br>Assistant Branch Director<br>Federal Programs Branch |
| | /s/ Robin F. Thurston<br>BRAD P. ROSENBERG<br>(DC Bar No. 467513)<br>ROBIN F. THURSTON<br>(Illinois Bar No. 6293950)<br>STUART J. ROBINSON<br>(California Bar No. 267183)<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Phone: (202) 514-3374 (Rosenberg) |

---

[7] Mr. McLerran has personal factual knowledge of material issues in the litigation. Thus, defendants do not dispute that a deposition of him regarding this limited information is permissible. *See Thomas*, 715 F. Supp. 2d at 1048 ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated… However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information.") (citations omitted).

Phone: (202) 616-8188 (Thurston)
Phone: (202) 514-9239 (Robinson)
Fax: (202) 616-8460
Email: brad.rosenberg@usdoj.gov
Email: robin.f.thurston@usdoj.gov
Email: stuart.j.robinson@usdoj.gov

Courier Address:
20 Massachusetts Ave., N.W.
Washington, DC 20001

Mailing Address:
P.O. Box 883
Washington, DC 20044

*Attorneys for Defendants*
*Environmental Protection Agency and*
*Administrator Gina McCarthy*

CERTIFICATE OF SERVICE

I certify that on August 10, 2015, I caused to be filed electronically the foregoing **OPPOSITION TO PLAINTIFF'S MOTION UNDER Fed. R. Civ. P. 26(b)(2)(A)** with the Clerk of Court using the Court's CM/ECF system, which sends a Notice of Electronic Filing to counsel of record.

/s/ Robin F. Thurston
ROBIN F. THURSTON