BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
KAREN L. LOEFFLER
United States Attorney
District of Alaska
MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch
BRAD P. ROSENBERG
ROBIN F. THURSTON
STUART J. ROBINSON
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Phone: (202) 514-3374
Email: brad.rosenberg@usdoj.gov
RICHARD L. POMEROY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Ave., #9
Anchorage, AK 99513
Phone: (907) 271-5071

*Attorneys for Defendants*
*Environmental Protection Agency and*
*Administrator Gina McCarthy*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, | Case No. 3:14-cv-00171-HRH |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (Fed. R. Civ. P. 8)** |
| ENVIRONMENTAL PROTECTION AGENCY and GINA MCCARTHY, | |
| Defendants. | |

The Defendants, the United States Environmental Protection Agency and Gina McCarthy ("Defendants"), by their undersigned counsel, hereby answer Plaintiff's Second Amended Complaint (Dkt. No. 133) as follows:

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to seek timely relief under the Federal Advisory Committee Act and/or the Administrative Procedure Act.

**SEVENTH DEFENSE**

Defendants answer the numbered paragraphs of Plaintiff's Second Amended Complaint as follows, in correspondingly numbered paragraphs:

1.      This paragraph sets forth Plaintiff's characterization and summary of this action, to which no response by Defendants is required.

2.      In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant introductory allegations.

3.      In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant introductory allegations.

4.      In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant introductory allegations.

5.      In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant introductory allegations.

6.      In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant introductory allegations.

7.      In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant introductory allegations.

## Jurisdiction

8.      This paragraph sets forth Plaintiff's conclusions of law regarding jurisdiction, to which no response by Defendants is required.

9.      This paragraph sets forth Plaintiff's conclusions of law regarding jurisdiction, to which no response by Defendants is required.

10.     This paragraph sets forth plaintiff's conclusions of law regarding venue, to which no response by Defendants is required.

## The Parties

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.     Admitted.

13.     Defendants deny the allegations in this paragraph, except to admit that Gina McCarthy is the Administrator of the United States Environmental Protection Agency.

## Statutory Background

14.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's Freedom of Information Act ("FOIA") case.

15.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

16.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

17.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

18.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

19.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

20.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

21.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

22.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

23.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

24.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

## Factual Allegations

25.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

26.     In its Order on defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

27.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

28.     In its Order on defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant statutory background allegations and/or allegations about Plaintiff's FOIA case.

29.     Denied.

30.     Denied.

31.     Denied, except to admit that North, Hough, and Nastri are current or former EPA employees.

32.     Defendants lack knowledge or information sufficient to form a belief regarding the alleged "Bristol Bay Working Group" and its members.  Defendants deny all remaining allegations in this paragraph.

33.     Denied.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the alleged content and purpose of television ads run by NRDC. Defendants deny all remaining allegations in this paragraph.

35.     Denied.

36.     Denied.

37.     In its Order on Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claim that EPA established the alleged Anti-Mine Coalition FAC.  Otherwise denied.

38.     In its Order on Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claim that EPA established the alleged Anti-Mine Coalition FAC.  Otherwise denied.

39.     In its Order on Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claim that EPA established the alleged Anti-Mine Coalition FAC.  Otherwise denied.

40.     Denied.

41.     Denied.

42.     Denied, except to admit that Parkin was an EPA employee and that Pavitt is an EPA employee.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied, except to admit that Hough emailed Brown in or around September, 2010.

47.     Denied.

48.     Denied.

49.     Denied, except to admit that Fordham sent an email to Andrew, King, Akelkok, and Williams on or around May 3, 2011, and that Fordham subsequently communicated with Flensburg. Defendants respectfully refer the Court to those communications, which Plaintiff submitted as Ex. 132 with its preliminary injunction motion, for their full and complete contents.

50.     Denied.

51.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

52.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

53.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

54.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

55. Denied, except to admit that Jackson was the EPA Administrator, Dennis McLerran is the Region 10 Regional Administrator, Sussman was Senior Policy Counsel to the Administrator, Stoner served as both the Deputy Assistant Administrator and Acting Assistant Administrator for EPA's Office of Water, Dunbar is the Region 10 Policy Advisor, and Keehner was the Director of EPA's Office of Wetlands, Oceans, and Watersheds.

56. Denied.

57. Denied, except to admit that North wrote to Troll and Geist on or around November 13, 2009. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 216 with its preliminary injunction motion, for its full and complete contents.

58. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

59. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

60. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

61. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

62. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

63. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

64. Denied.

65.     Denied, except to admit that Parker sent documents to Hough on or around September 22, 2011.  Defendants respectfully refer the Court to that communication, which plaintiff submitted as Ex. 3 with its preliminary injunction motion, for its full and complete contents.

66.     Denied, except to admit that the document contains highlighted areas.  Defendants respectfully refer the Court to that document, which Plaintiff submitted as Ex. 3 and Ex. 8 with its preliminary injunction motion, for its full and complete contents.

67.     Denied, except to admit that Brown sent North a document on or about June 14, 2010, and that North responded.  Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 137 with its preliminary injunction motion, for its full and complete contents.

68.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

69.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

70.     Denied.

71.     Denied.

72.     Denied.  Defendants aver that on or around January 27, 2011, EPA met with Trout Unlimited at Trout Unlimited's request.  Trout unlimited organized for several scientists (Quinn, Maest, O'Neal, and Albert) to present at the meeting, in which Chambers, Nastri, Brown, Moyer, and Keiko were also invited by Trout Unlimited to participate.

73.     Denied, except to admit that Dunbar sent an email to Parkin, Holsman, Steiner-Riley, Allnutt, Psyk, Hough, North, Fordham, McGrath, Szerlog, and Smith on or around February

22, 2011. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 84 with its preliminary injunction motion, for its full and complete contents.

74. Denied, except to admit that Parkin made statements in a declaration filed with this Court on November 7, 2014, which are purportedly quoted in this paragraph. Defendants respectfully refer the Court to paragraphs 40 and 42 of that declaration, which Defendants submitted with their opposition to plaintiff's motion for a preliminary injunction, for their full and complete contents.

75. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant allegations.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied, except to admit that Riley and Yocom are former EPA employees.

81. Denied.

82. Denied, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the alleged contents of CSP2's website.

83. Denied, except to admit that Troll sent a document to North on or around March 2010, that The Nature Conservancy sent another document to EPA in October 2010, that Hough subsequently communicated with Brown, and that Keehner communicated with EPA personnel. As to the communication from Keehner, Defendants respectfully refer the Court to an email that reflects that communication, which Plaintiff submitted as Ex. 235 with its preliminary injunction motion, for its full and complete contents.

84. Denied.

85. Denied.

86. In its Order on Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claim that EPA established the alleged Anti-Mine Scientists FAC. Otherwise denied.

87. In its Order on Defendants' Motion to Dismiss, the Court dismissed Plaintiff's claim that EPA established the alleged Anti-Mine Coalition FAC. Otherwise denied.

88. Denied, except to admit that EPA prepared a report entitled "An Assessment of Potential Mining Impacts on Salmon Ecosystems of Bristol Bay, Alaska" ("BBWA"), and that the BBWA contains scientific analysis and data.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied, except to admit that North communicated with Brown on or about April 13-14, 2010. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 110 with its preliminary injunction motion, for its full and complete contents.

94. Denied.

95. Denied, except to admit that the public submitted technical reports to the public docket that provided information relevant to the BBWA, that EPA selected seven such reports for peer review, and that Chambers, Higman, Wobus, Maest, O'Neal, Woody, Levit, and Kuipers were authors of these reports.

96. Denied.

97. Denied, except to admit that Chambers communicated with North on or about May 20, 2011. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 127 with its preliminary injunction motion, for its full and complete contents.

98. Denied, except to admit that Hough sent an email on or about December 21, 2012. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 71 with its preliminary injunction motion, for its full and complete contents.

99. Denied.

100. Denied.

101. Denied, except to admit that Hough communicated with Brown on or around November 4, 2010. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 59 with its preliminary injunction motion, for its full and complete contents.

102. The first part of this sentence is denied, except to admit that EPA sent an e-mail about a teleconference regarding the Wild Salmon Center/Trout Unlimited Bristol Bay report. Defendants respectfully refer the Court to this communication, which Plaintiff submitted as Ex. 67 with its preliminary injunction motion, for its full and complete contents. The second part of the sentence is denied, except to admit that a briefing with Riley and Yocum was held. Defendants respectfully refer the Court to Ex. 76 to Plaintiff's preliminary injunction motion for its full and complete contents. The third part of the sentence is denied, except to admit that Earthworks emailed two presentations to EPA in October of 2012 and that EPA forwarded the email. Defendants respectfully refer the Court to those communications, which Plaintiff submitted as Ex. 45 with its preliminary injunction motion, for their full and complete contents. Defendants deny any remaining allegations in this paragraph.

103. Denied.

104.     Denied, except to admit that Snyder communicated with Hough in or around June 2012, and that Hough forwarded that communication.   Defendants respectfully refer the Court to those communications, which Plaintiff submitted as Ex. 142 with its preliminary injunction motion, for their full and complete contents.

105.     Denied.  Defendants aver that on or around January 27, 2011, EPA met with Trout Unlimited at Trout Unlimited's request.  Trout Unlimited organized for several scientists (Quinn, Maest, O'Neal, and Albert) to present at the meeting, in which Chambers, Nastri, Brown, Moyer, and Keiko were also invited by Trout Unlimited to participate.

106.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

107.     In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of unnecessary factual detail.

108.     Denied, except to admit that EPA met with Riley and Yocum on or around February 14, 2012.  Defendants respectfully refer the Court to Exs. 76 and 79 to Plaintiff's preliminary injunction motion for their full and complete contents.

109.     Denied, except to admit that Smith sent an e-mail on or around April 13, 2012. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 107 with its preliminary injunction motion, for its full and complete contents.

110.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the alleged content of CSP2's website.

111.     Denied, except to admit that Parkin made statements in a declaration filed with this Court on November 7, 2014, which are purportedly quoted in this paragraph.  Defendants respectfully refer the Court to paragraphs 40 and 42 of that declaration, which Defendants

submitted with their opposition to Plaintiff's motion for a preliminary injunction, for their full and complete contents.

112. In its Order on Defendants' Motion to Dismiss, the Court excused Defendants from answering this paragraph because it consists of irrelevant allegations.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied, except to admit that attendees of the August 2011 Intergovernmental Technical Team two-day meeting included Ashton, Nakanishi, Kent, Stambaugh, Prokosh, Daigneault, Malloy, Anderson, Williams, Larson, Andrew, Wassillie, Hobson, Rinella, Boraas, and Knott.

120. Denied.

121. Denied, except to admit that Parkin was an EPA employee.

122. Denied.

123. Denied. Defendants aver that contractors worked on topics related to the BBWA pursuant to contract vehicles and that SEE enrollees worked on topics related to the BBWA at the direction of EPA staff.

124. Denied. Defendants aver that contractors worked on topics related to the BBWA pursuant to contract vehicles and that SEE enrollees worked on topics related to the BBWA at the direction of EPA staff.

125.    Denied, except to admit that EPA did hold meetings with EPA employees, contractors, and SEE enrollees; did set agendas for at least some of those meetings; and did set a project schedule for the completion of the BBWA.

126.    Denied, except to admit that Frithsen sent an email in or around October 2012. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 44 with its preliminary injunction motion, for its full and complete contents.

127.    Denied, except to admit that Frithsen sent an email in or around April 2013. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 220 with its preliminary injunction motion, for its full and complete contents.

128.    Denied.

129.    Denied, except to admit that Gary Sonnevil and Dave Athons were Senior Environmental Employment Program participants and that EPA has taken the position that Senior Environmental Employment Program Participants are not federal employees.

130.    Denied.

131.    Denied.

132.    Denied, except to admit that EPA sent an email about a teleconference regarding the Wild Salmon Center/Trout Unlimited Bristol Bay report.  Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 67 with its preliminary injunction motion, for its full and complete contents.

133.    Denied.

134.    Denied, except to admit that Earthworks emailed two presentations to EPA and that EPA forwarded the email to its staff and an employee of one of its contractors.  Defendants

respectfully refer the Court to those communications, which Plaintiff submitted as Ex. 45 with its preliminary injunction motion, for their full and complete contents.

135.    Denied, except to admit that EPA emailed a link to the public website with "White Papers Critiquing PLP EBD."

136.    Denied, except to admit that EPA sent an email. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 227 with its preliminary injunction motion, for its full and complete contents.

137.    Denied, except to admit that on or around October 21, 2012, Rock sent an email.

138.    Denied, except to admit that North communicated with Chambers on or around December 20, 2010. Defendants respectfully refer the Court to that communication, which Plaintiff submitted as Ex. 63 with its preliminary injunction motion, for its full and complete contents.

139.    Denied.

140.    Denied, except to admit that EPA prepared a briefing document on or around September 8, 2010. Defendants respectfully refer the Court to that document, which Plaintiff submitted as Ex. 1 with its preliminary injunction motion, for its full and complete contents.

141.    Denied, except to admit that the Intergovernmental Technical Team met on August 9-10, 2011.

142.    Denied.

143.    Denied, except to admit that EPA ran the two-day Intergovernmental Technical Team meeting on August 9-10, 2011.

144.    Denied. To the extent the allegations in this paragraph purport to quote part of Exhibit 185 (submitted with Plaintiff's preliminary injunction motion), Defendants refer to that document for its full and complete contents.

145.     Denied.

146.     Denied.  To the extent the allegations in this paragraph purport to quote part of Exhibit 185 (submitted with Plaintiff's preliminary injunction motion), Defendants refer to that document for its full and complete contents.

147.     Denied.  To the extent the allegations in this paragraph purport to quote part of Exhibit 185 (submitted with Plaintiff's preliminary injunction motion), Defendants refer to that document for its full and complete contents.

148.     Denied.  To the extent the allegations in this paragraph purport to quote part of Exhibit 185 (submitted with Plaintiff's preliminary injunction motion), Defendants refer to that document for its full and complete contents.

149.     Denied.  Defendants aver that EPA provided an agenda for the August 9-10, 2011 meeting of the Intergovernmental Technical Team.  To the extent the allegations in this paragraph purport to quote part of Exhibit 185 (submitted with Plaintiff's preliminary injunction motion), Defendants refer to that document for its full and complete contents.

150.     Denied.  To the extent the allegations in this paragraph purport to quote part of Exhibit 232 (submitted with Plaintiff's preliminary injunction motion), Defendants refer to that document for its full and complete contents .

151.     Denied, except to admit that Parker emailed North with a subject of "Intergovernmental Technical Team – Pathway Charts" and that Parker emailed Parkin with a subject of "FW:  Comment on IGTT Charts."  Defendants respectfully refer the Court to those emails, which Plaintiff submitted as Ex. 183 with its preliminary injunction motion, for their full and complete contents.

152.     Denied.

153.    Denied, except to admit that on or around January 13, 2012, EPA provided an update to the Intergovernmental Technical Team.

154.    Denied, except to admit that on July 18, 2014, Region 10 of the United States Environmental Protection Agency issued a "Proposed Determination pursuant to Section 404(c) of the Clean Water Act for the Pebble Deposit Area, Southwest Alaska," which was published in the Federal Register on July 21, 2014.  Defendants respectfully refer the Court to 79 Fed. Reg. 42,314 for a complete and accurate statement of its contents.

155.    Denied.  Defendants aver that on September 19, 2014, the United States Environmental Protection Agency extended the time period to either withdraw the Proposed Determination or to prepare a Recommended Determination to February 4, 2015.  Defendants refer to that extension, which was published in the Federal Register. at 79 Fed. Reg. 56,365, for its full and complete contents.

## Claims for Relief

## Count One

156.    This paragraph repeats the allegations contained in Paragraph 1 through 155 of the Second Amended Complaint.  To the extent a response is required, Defendants incorporate by reference their answers to the preceding paragraphs.

157-172.        Defendants deny all of the allegations contained in these paragraphs and deny that Plaintiff is entitled to any of the relief requested therein.

## Count Two

173.    This paragraph repeats the allegations contained in Paragraph 1 through 155 of the Second Amended Complaint.  To the extent a response is required, Defendants incorporate by reference their answers to the preceding paragraphs.

174-189.     Defendants deny all of the allegations contained in these paragraphs and deny that Plaintiff is entitled to any of the relief requested therein.

## Count Three

190.     This paragraph repeats the allegations contained in Paragraph 1 through 155 of the Second Amended Complaint.  To the extent a response is required, Defendants incorporate by reference their answers to the preceding paragraphs.

191-215.     Defendants deny all of the allegations contained in these paragraphs and deny that Plaintiff is entitled to any of the relief requested therein.

## Count Four

216-219.     In its Order on Defendants' Motion to Dismiss, the Court dismissed Count Four.  Defendants nonetheless deny all of the allegations contained in these paragraphs and deny that Plaintiff is entitled to any of the relief requested therein.

The remainder of the Second Amended Complaint constitutes Plaintiff's prayer for relief; Defendants deny that Plaintiff is entitled to any of the relief it requests.

Each and every allegation of the Second Amended Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, Defendants pray that:

1.     This Court enter judgment for Defendants and dismiss this action with prejudice; and

2.     Defendants be granted such further relief as the Court may deem just and proper.

August 17, 2015

Respectfully submitted,

KAREN L. LOEFFLER
United States Attorney
District of Alaska

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

RICHARD L. POMEROY
Assistant United States Attorney
District of Alaska

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

/s/ Brad P. Rosenberg
BRAD P. ROSENBERG
(DC Bar No. 467513)
ROBIN F. THURSTON
(Illinois Bar No. 6293950)
STUART J. ROBINSON
(California Bar No. 267183)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Phone: (202) 514-3374 (Rosenberg)
Phone: (202) 616-8188 (Thurston)
Phone: (202) 514-9239 (Robinson)
Fax: (202) 616-8460
Email: brad.rosenberg@usdoj.gov
Email: robin.f.thurston@usdoj.gov
Email: stuart.j.robinson@usdoj.gov

Courier Address:
20 Massachusetts Ave., N.W.
Washington, DC 20530

Mailing Address:
P.O. Box 883
Washington, DC 20044

*Attorneys for Defendants*
*Environmental Protection Agency and*
*Administrator Gina McCarthy*

CERTIFICATE OF SERVICE

I certify that on August 17, 2015, I caused to be filed electronically the foregoing

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT with the

Clerk of Court using the Court's CM/ECF system, which sends a Notice of Electronic Filing to

counsel of record.


/s/ Brad P. Rosenberg
ROBIN F. THURSTON