IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,  )
                              )
                              )
                    Plaintiff, )
        vs.                   )
                              )
ENVIRONMENTAL PROTECTION      )
AGENCY, et al.,               )
                              )      No. 3:14-cv-0171-HRH
                    Defendants. )
_____)

O R D E R

Plaintiff's Rule 26(b)(2)(A) Motion[1]

Plaintiff moves pursuant to Rule 26(b)(2)(A), Federal Rules of Civil Procedure, for an order authorizing plaintiff to take the depositions of three current EPA employees (Dennis McLerran, Palmer Hough, and Jeff Frithsen) in two phases. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Plaintiff's motion is an unusual one. Ordinarily, and for good reason, counsel usually seek the completion of paper discovery prior to deposition discovery. Indeed, counsel all too often leave deposition discovery until much too late. In this instance, plaintiff simultaneously served upon defendants an extensive document production

---

[1]Docket No. 136.

Order – Plaintiff's Rule 26(b)(2)(A) Motion                                    - 1 -

request and deposition notices.[2]  Defendants represent, and plaintiff appears to concede, that plaintiff's production requests will require considerably longer than the normal 30 days.  By agreement, defendants' responses are presently due August 31, 2015, and defendants suggest that thereafter, production will be done on a "rolling" basis.  Plaintiff fears that this means that production will not be completed until well into next year.

The court appreciates the fact that the parties have endeavored to bring before the court at an early date the tension existing between plaintiff's desire to move forward expeditiously with depositions and defendants' need for more time to effectively respond to the production requests.[3]  Although plaintiff has offered the court little or no explanation for why the three particular depositions that have been noticed should be taken so early in the discovery process, it is significant to the court that defendants expressly acknowledge that "plaintiff is free to make the strategic choice to move forward with depositions early in the discovery period."[4]  Moreover, defendants do not object to the early taking of the depositions in question.  The sole question the parties put before the court is:  should plaintiff be authorized in advance to reopen the depositions in question if documents not available at the time the depositions are taken "trigger the need to inquire further."[5]

---

[2]There is a discrepancy in the parties' papers regarding deposition dates.  Plaintiff states that the first scheduled deposition is August 25, 2015.  Docket No. 136 at 5.  Defendants believe that the first scheduled deposition is set for September 9, 2015.  Docket No. 144 at 6.

[3]The court notes in passing that defendants, in response to plaintiff's Freedom of Information Act requests, have produced extensive documentation much of which is probably relevant to this FACA case.

[4]Opposition to Plaintiff's Motion under Fed. R. Civ. P. 26(b)(2)(A) at 7, Docket No. 144.

[5]Motion for Discovery at 5, Docket No. 136.

Order – Plaintiff's Rule 26(b)(2)(A) Motion                                                                       - 2 -

The depositions which plaintiff has noticed shall proceed as scheduled unless, as a consequence of what follows, plaintiff has second thoughts about the advisability of taking the depositions so early in the discovery phase of the case. Plaintiff may not continue, reopen, or re-notice the depositions unless: (1) defendants agree, or (2) plaintiff has received leave from the court upon a showing of good cause to further depose one or more of the three witnesses whose depositions plaintiff has noticed. Simply showing the post-deposition production of documents, about which plaintiff might have examined the deponents, will not suffice. In order to secure leave for further questioning of the witnesses, plaintiff will be required to make a showing that documents not available in the course of the depositions, of strategic, substantive importance to plaintiff's FACA case, have come to light post-deposition. If such a showing is made, further examination of the witnesses will be strictly limited to questioning about documents which the court has recognized as being of importance to the FACA case.

Plaintiff's motion for leave to take the depositions of McLerran, Hough, and Frithsen in two phases is denied, with leave to renew such a request subject to the terms set out above.

DATED at Anchorage, Alaska, this  20th  day of August, 2015.

/s/ H. Russel Holland
United States District Judge