IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PEBBLE LIMITED PARTNERSHIP,           )
                                      )
                                      )
                          Plaintiff,  )
         vs.                          )
                                      )
ENVIRONMENTAL PROTECTION              )
AGENCY, et al.,                       )
                                      )   No. 3:14-cv-0171-HRH
                         Defendants.  )
_____)

O R D E R

Motion for Subpoena[1]

Plaintiff moves pursuant to 28 U.S.C. § 1783 for issuance of a subpoena to former EPA employee Phillip North. Defendants have responded with a statement of position.[2] Oral argument has not been requested and is not deemed necessary.

Although the defendants' statement of position bristles with commentary upon the instant motion,[3] it states no basis for opposition to the requested subpoena. Mr. North is a U.S. national; he is believed to be residing in Australia. Judging from what has been presented in connection with the instant motion, as well as the court's familiarity with related Freedom of Information Act (FOIA), 5 U.S.C. § 552, proceedings (Pebble Limited Partnership v. EPA, No. 3:14-cv-0199), as well as the earlier Pebble attempt at an

---

[1]Docket No. 149.

[2]Docket No. 153.

[3]Some of plaintiff's observations with respect to Mr. North are just a bit inflammatory and counsel for defendants' responsive comments were not at all helpful.

Order – Motion for Subpoena                                                                     - 1 -

Administrative Procedure Act review of the Bristol Bay Watershed Assessment (Pebble Limited Partnership v. EPA, No. 3:14-cv-0097), the court entertains no doubt that Mr. North was a major player in the lead-up to a proposed § 404(c)[4] proceeding before the EPA. Indeed, Mr. North appears to be at the center of Pebble's claims that the EPA impermissibly formed advisory committees, which claims are the basis for Pebble's complaint in this case. It is clear to the court from FOIA proceedings that Mr. North was the originator of documents likely related to the claims made in this case which (a) exist only on private computer equipment and were not forwarded to EPA files, (b) documents on an EPA hard drive which has crashed and may or may not be recoverable, and (c) documents created and encrypted by North on a thumb drive which EPA has not been able to access.

In consideration of the foregoing, the court finds for purposes of 28 U.S.C. § 1783(a) that North is a U.S. national in a foreign country, that he (much more so than others) is in a position to explain what was transpiring within the EPA in the lead-up to the preparation of the Bristol Bay water assessment, and that testimony and documents which he alone may be in a position to produce, will further the interest of justice. The court finds that it is not possible for Pebble to obtain equivalent testimony or records from anyone else within or outside the EPA. Mr. North's personal appearance is necessary. Indeed, the court would be surprised if the EPA were not as anxious as Pebble to obtain testimony and access to documents controlled by Mr. North. It appears to the court that Mr. North may be the only person within the EPA capable of shedding meaningful light upon whether or not unauthorized advisory committees were created or utilized in connection with preparation of the Bristol Bay water assessment.

---

[4] 33 U.S.C. § 404(c).

Order – Motion for Subpoena - 2 -

Plaintiff's motion for issuance of a subpoena pursuant to 28 U.S.C. § 1783 is granted.

Mr. North's deposition shall occur in the United States; and, unless the parties agree otherwise, the deposition shall be convened at 9:00 a.m. Alaska Time, November 12, 2015, at the offices of:

> Reeves Amodio, LLC
> 500 L Street, Suite 300
> Anchorage, Alaska 99501

The subpoena may include a request for production of documents; and, unless the parties agree otherwise, the subpoenaed documents shall be produced within 30 days after service of the subpoena. Objections to production of documents, if any, shall be served and filed no later than 14 days after service of the subpoena.

The court deems the sum of $2,400 to be sufficient to cover North's reasonable witness fees and the costs of travel and attendance at the deposition. The foregoing sum shall be tendered to North upon service of the subpoena.

Service of the subpoena upon North shall be accomplished pursuant to Rule 4(f), Federal Rules of Civil Procedure, which the court finds to be consistent with Article 10 of the Hague Service Convention.

DATED at Anchorage, Alaska, this  27th  day of August, 2015.

/s/ H. Russel Holland
United States District Judge