Margaret Simonian
Jessica Dillon
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK 99501
Phone: 907-277-5400
Fax 907-277-9896
Email: meg@dillonfindley.com
Email: jessica@dillonfindley.com

Joshua A. Levy (D.C. Bar No. 475108)
**(applicant for admission *pro hac vice*)**
Cunningham Levy LLP
1250 Connecticut Avenue, NW, Suite 200
Washington, DC 20036
Phone: 202-261-6564
Email: jal@cunninghamlevy.com

Attorneys for Robert Waldrop & Bristol Bay
  Regional Seafood Development Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| PEBBLE LIMITED PARTNERSHIP, )<br>  )<br>             Plaintiff, )<br>  )<br>  vs. )<br>  )<br> ENVIRONMENTAL PROTECTION )<br> AGENCY, *et al.*, )<br>  )<br>             Defendants. )<br>_____ ) | **ORAL ARGUMENT REQUESTED**<br>**PURSUANT TO LOCAL RULE 7.2**<br><br><br><br>Case No. 3:14-cv-00171-HRH |

### NON-PARTIES ROBERT WALDROP'S AND BRISTOL BAY REGIONAL SEAFOOD DEVELOPMENT ASSOCIATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND CROSS-MOTIONS TO QUASH SUBPOENAS FOR NON-PARTY DISCOVERY AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                Page 1 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 1 of 25

DILLON & FINDLEY
LAW OFFICES
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

## Introduction

Non-parties Robert Waldrop and the Bristol Bay Regional Seafood Development Association ("BBRSDA") oppose Plaintiff's Motion to Compel (Docket No. 162) and hereby cross-move this Court to quash the subpoenas served on them because the relevant information in this case alleging a violation of the Federal Advisory Committee Act, 5 U.S.C. app. 2 §§ 1-16 ("FACA") can only be discovered from the Environmental Protection Agency ("EPA") and its officials and because the subpoena violates Mr. Waldrop's and BBRSDA's First Amendment rights.

## Factual Background

Although Plaintiff has only sued EPA, it is exploiting discovery to capture evidence of, and thereby chill, the protected First Amendment activity of their rivals, who have not intervened in the case. To wit, Plaintiff has served or intends to serve subpoenas on over 70 non-parties, including Mr. Waldrop and BBRSDA. For example:

| | |
|---|---|
| 1. Alaskans for Bristol Bay | 15. Calvert Investments, Inc. |
| 2. Alaska Center for the Environment | 16. Center for Science in Public Participation |
| 3. Alaska Communcations Service | 17. Cook Inletkeeper |
| 4. Alaska Conservation Foundation | 18. Creation Justice Ministries |
| 5. American Fisheries Society | 19. Dallas Safari Club |
| 6. Alaska Independent Fishermen's Marketing Association | 20. David Chambers |
| | 21. Dutko Worldwide, Inc. |
| 7. Alaska Marine Conservation Council | 22. E4 Strategic Solutions, Inc. |
| 8. Bioeconomics, Inc. | 23. Earthworks |
| 9. Bob Waldrop | 24. Ekwok Natives Limited |
| 10. Bristol Bay Native Association, Inc. | 25. Fisheries Research and Consulting |
| 11. Bristol Bay Native Corporation | 26. Geoffrey Parker |
| 12. Bristol Bay Regional Seafood Development Association | 27. Ground Truth Trekking |
| | 28. ICF International |
| 13. Bristol Bay United | 29. Jason Metrokin |
| 14. Bristol Companies | 30. Kenai Rivers Center |

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

Page 2 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 2 of 25

LAW OFFICES

**DILLON & FINDLEY**

A PROFESSIONAL CORPORATION

1049 W. 5th Avenue, Suite 200

Anchorage, Alaska 99501

TEL. (907) 277-5400 · FAX (907) 277-9896

| | |
|---|---|
| 31. Kenai Peninsula College | 53. Shoren Brown |
| 32. Kim Williams | 54. Sky Truth |
| 33. Kuipers & Associates | 55. Sportsman's Alliance for Alaska |
| 34. Malma Consulting | 56. Stratus Consulting |
| 35. mCapitol Management | 57. Stuyahok Ltd. |
| 36. National Council of Churches Eco-Justice Program | 58. The Gordon and Betty Moore Foundation |
| 37. National Parks Conservation Association | 59. The Nature Conservancy |
| 38. National Wildlife Federation | 60. The Wilderness Society |
| 39. Natural Resources Defense Council | 61. Theodore Roosevelt Conservation Partnership |
| 40. NatureServe | 62. Tiffany & Co. |
| 41. Nunamta Aulukestai | 63. Tim Troll |
| 42. Oregon State University | 64. Tom Tilden |
| 43. Orvis | 65. Trillium Asset Management Corp. |
| 44. Pacific Rivers Council | 66. Trout Unlimited |
| 45. Patagonia | 67. Trustees for Alaska |
| 46. Peter Van Tuyn | 68. United Fisherman of Alaska |
| 47. Pew Charitable Trusts | 69. University of Alaska |
| 48. Renewable Resources Coalition | 70. University of Washington |
| 49. Renewable Resources Foundation | 71. Wayne Nastri |
| 50. Rio Tinto | 72. Wild Salmon Center |
| 51. River Management Society | |
| 52. Sam Snyder | |

*See* Docket No. 169-2.  Some of the subpoenaed parties are individual U.S. citizens, others are religious groups, while some are universities and colleges, and many are non-profits established to further the public interest.  *None of them* have intervened in this case.  None of them worked on Bristol Bay as EPA officials or EPA contractors.[1]

On August 24, 2015, Plaintiff served subpoenas on non-parties BBRSDA, representing the thousands of commercial fishermen on whose livelihood the protection of Bristol Bay's waters depends, and Mr. Waldrop, a retired Alaskan resident and BBRSDA's former executive

---

[1]     On July 16, 2015, Plaintiff served a subpoena for documents and testimony from Wayne Nastri, a former EPA official, who did not work on any matters related to this case as an EPA

director. Plaintiff demanded that Mr. Waldrop and BBRSDA produce eleven years' worth of documents (*i.e.*, the period of January 1, 2004 through December 19, 2014), regarding broad and ambiguously defined subject matter. According to the subpoena served on Mr. Waldrop, Plaintiff scheduled a deposition of him for November 5, 2015. This expansive request includes, but is not limited to:

1. All Communications with EPA Relating to: (a) the Bristol Bay Assessment Team; (b) the Intergovernmental Technical Team; (c) the BBWA; (d) the Proposed Determination; (e) the Pebble Mine Project; (f) Section 404 of the Clean Water Act in connection with the Pebble Mine Project; and (g) the petition submitted by Native Alaskan Tribes to EPA in May 2010.

2. All Documents Relating to Meetings or Communications with any of the Persons identified in Appendix A concerning: (a) the Bristol Bay Assessment Team; (b) the Intergovernmental Technical Team; (c) EPA actions regarding the BBWA; (d) EPA actions regarding the Proposed Determination; (e) EPA actions regarding the Pebble Mine Project; (f) EPA actions regarding Section 404 of the Clean Water Act in connection with the Pebble Mine Project; or (g) the petition submitted by Native Alaskan Tribes to EPA in May 2010.

Docket No. 163-2, Exhibit 2 at 6-14 and Exhibit 3 at 16-24.[2] Appendix A listed over 45 individuals and entities, including *any* individual working within the eleven-year period at any of the named entities. (*See id.*)

Plaintiff neglected to inform the Court that the subpoenas also demanded Mr. Waldrop and BBRSDA to produce from the same eleven-year period: "All lobbying registrations obtained from any state or federal governmental entity, and all Documents submitted in order to request, obtain, renew, or otherwise continue any such registration." (*Id.*) Having not moved to

official, but who – after leaving EPA as a President George W. Bush appointee – worked as a private citizen to persuade EPA to protect Bristol Bay.

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

compel production of any materials responsive to this request, which in any event is irrelevant to the case, Plaintiff has waived its right to compel such production.

On August 31, 2015, Mr. Waldrop and BBRSDA served objections to Plaintiff's subpoenas. *See* Docket No. 163-2, Exhibit 6 at 46-60; Docket No. 163-3, Exhibit 7 at 2-16. On September 1, 2015, counsel for Mr. Waldrop and BBRSDA and counsel for Plaintiff held a Local Rule 37.1 meet-and-confer with regard to the subpoenas served on Mr. Waldrop and BBRSDA, as well as Mr. Waldrop's and BBRSDA's intention to move to quash them and to seek sanctions; however, the parties were unable to resolve their differences. Docket No. 163-3, Exhibit 9 at 21-22.

On September 3, 2015, Alaska Conservation Foundation ("ACF") and Mr. Snyder moved to quash the subpoenas served on them. On September 8, 2015, non-party Shoren Brown, a Seattle resident who never worked at EPA, moved to quash the subpoenas served on him and for sanctions in the Western District of Washington. Docket No. 169-10. On September 8, 2010, Plaintiff filed a motion to compel ACF, Mr. Snyder, BBRSDA and Mr. Waldrop to produce all of the subpoenaed documents. On September 10, 2015, Wayne Nastri, a California resident, and E4 Strategic Solutions, Inc., a California company, moved to quash the subpoenas served on them and for sanctions in the Central District of California. On September 24, 2015, Tim Troll, who never worked at EPA, filed a motion to quash the subpoena served on him. Docket No. 169.

---

[2]    In its Motion to Compel (Docket No. 163, at 2), Plaintiff's purported direct quote from its subpoenas is inaccurate in several respects, and we refer the Court to actual subpoenas. Docket No. 163-2, Exhibit 2 at 6-14 and Exhibit 3 at 16-24.

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

## Summary of Argument

Congress enacted FACA to ensure that advisory committees are "established" and "utilized" only when necessary and subject to uniform standards and procedures. Agencies must follow FACA's requirements only when working with committees that the government has "established" or "utilized." According to the sole published decision on non-party discovery in FACA litigation, information relevant to whether EPA "utilized" some alleged committee may be discovered *only* from the defendant-agency (*i.e.*, EPA) and its officials who worked on the matter while at EPA, and from *no one else.* Under FACA, the term "utilized" does not mean mere use, but instead means "strict" and "actual management by agency officials." Relevant information is, therefore, in the "strict" and "actual control" of EPA and its officials.

For that reason, *any* subpoena in a FACA case subjects a non-party to an undue burden. Plaintiff knows this law well. Indeed, earlier in the case, when Plaintiff sought expedited discovery in support of its motion for preliminary injunction, Plaintiff advanced the position that the relevant information in this case lies within the "exclusive possession" of EPA. Now that Plaintiff has achieved its objective (*i.e.*, the preliminary injunction), Plaintiff has abandoned its previous position, flouting the law on FACA discovery through the service of onerous subpoenas on the various proponents of EPA using Section 404(c) to protect Bristol Bay, such as Mr. Waldrop and BBRSDA. Plaintiff's reliance on case law outside the realm of FACA litigation is inapposite, and Plaintiff's reliance on a *vacated* FACA decision is unpersuasive because, before it was vacated, it applied to discovery propounded on a *defendant-intervenor* and not on a true non-party, such as Mr. Waldrop or BBRSDA. Meanwhile, Plaintiff is literally running from the sole published decision on non-party discovery in a FACA case, *Wyoming v.*

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

Page 6 of 25

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

*USDA*, 202 F.R.D. 449 (D.D.C. 2002), as it has recently withdrawn nearly every subpoena it once served in the District of Columbia, where *Wyoming* was decided. The direct result of Plaintiff's subpoenas, seeking information that should be in the sole possession of EPA, is to discover the internal strategic communications of Plaintiff's rivals, and to intimidate them and chill the exercise of their First Amendment rights.

The subpoenas are impermissibly broad. Unlike most FACA litigation regarding known, identifiable groups (*e.g.,* ABA Standing Committees), Plaintiff has *invented* the alleged FACA committees here and their names: "the Anti-Mine Coalition," "the Anti-Mine Scientists" and "the Anti-Mine Assessment Team." Plaintiff has alleged that Mr. Waldrop and BBRSDA were members of only one of these so-called committees: "the Anti-Mine Coalition." The Court has narrowed Plaintiff's claims regarding "the Anti-Mine Coalition" to the lone question of whether EPA "utilized" it. But although utilization of "the Anti-Mine Coalition" and the other two imagined "committees" is the sum and substance of its claim in this litigation, Plaintiff never mentions them in its discovery requests. Instead, Plaintiff has demanded eleven years' worth of documents regarding eight extraordinarily broad and opaquely defined topics, each of which grossly intrudes on the nonparties' protected First Amendment activity. Manifestly, Plaintiff opposes fishing in nearly all respects, except when it comes to discovery.

Fed. R. Civ. P. 45(d)(1) provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." By serving these subpoenas on Mr. Waldrop and BBRSDA,

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                                    Page 7 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 7 of 25

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Plaintiff has breached its obligation under this rule.[3]  Compelling Mr. Waldrop and BBRSDA to respond to these subpoenas would subject them to undue burden and expense because Plaintiff is not entitled to non-party discovery in a FACA case and must obtain relevant information from the defendant-agency, and because the subpoenas violate the First Amendment rights of Mr. Waldrop, BBRSDA and others.  Should the Court agree that the subpoenas be quashed in their entirety, the Court need not consider Mr. Waldrop's and BBRSDA's objections to the individual requests for documents, specifically, that they are overly broad, ambiguous and vague. The subpoenas should be quashed, and Plaintiff should be sanctioned.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

## Argument

**A.    Legal Standard: Subpoenas Subjecting Non-Parties to Undue Burden and Expense Should Be Quashed.**

The subpoenas served on Mr. Waldrop and BBRSDA are subject to the requirements of Fed. R. Civ. P. 26(b).[4]  Rule 26 allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense, *see* Fed. R. Civ. P. 26(b)(1), subject to certain limitations.  Discovery is excessive and inappropriate, when:

---

[3]    In further disregard of the burdens imposed on these non-parties by the broad, intimidating carbon-copy subpoenas served on them, Plaintiff has even casted aspersions on the fact that some of the over 70 non-parties retained the same counsel and served similar objections. Docket No. 163 at 3 n.5.  It is entirely prudent under the circumstances for these unsophisticated non-parties to respond to these subpoenas in the most efficient manner possible.  These non-parties are merely trying to minimize and mitigate the overwhelming burden of Plaintiff's subpoenas.

[4]    *See VirnetX v. Apple, Inc.,* 2014 WL 6979427, at *1 (N.D. Cal. March 21, 2014) (granting non-party's motion to quash subpoena for testimony and documents because the party serving the subpoena could not establish relevance or that the discovery could not be obtained from the defendant).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). Above and beyond the limitations required under Rule 26(b)(2), the rules protect the rights of non-parties in discovery by requiring the parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).[5] The court in the district where compliance is required must enforce the duty to avoid imposing an undue burden or expense "and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). On a timely motion, the Court must quash a subpoena that subjects a non-party to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Any burden imposed by a subpoena seeking irrelevant information is, by definition, an "undue" burden.[6] The moving

---

[5] *See Pers. Audio LLC v. Togi Entm't, Inc.*, 2014 WL 1318921, at *1 (N.D. Cal. Mar. 31, 2014) ("To determine whether a subpoena should be enforced, the Court is guided by both Rule 45, which protects a subpoenaed party from 'undue burden,' and Rule 26, which provides that the court must limit discovery if 'the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . .'"); *Century Sur. Co. v. Master Design Drywall, Inc.* 2010 WL 2231890, at *1 (S.D. Cal. Jun. 2, 2010) ("Underlying the protections of Rule 45 is the recognition that 'the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.'" ) (quoting *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980)); *Wapato Heritage, LLC v. Evans*, 2008 WL 4460271, at *4-5 (E.D. Wash. Oct. 1, 2008) ("Federal Rule of Civil Procedure 45(c)(1), requires the Court to protect persons subject to a subpoena duces tecum from undue burden or expense. This duty is at its apex where non-parties are subpoenaed.").

[6] *See Century Sur. Co.*, 2010 WL 2231890, at *1; *Jiminez v. City of Chicago,* 733 F.Supp.2d 1268, 1273 (W.D. Wash. 2010) ("The compulsion of production of irrelevant information is an inherently undue burden.").

---

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

party has the burden of persuasion on a motion to quash, *id.*, but the party issuing the subpoena must demonstrate that the discovery sought is relevant and could not be obtained from a source that is more convenient, less burdensome or less expensive.[7]

**B.     The Subpoenas Subject Mr. Waldrop and BBRSDA to Undue Burden and Expense by Seeking Non-Party Discovery to Which Plaintiff is Not Entitled.**

**1.     The Relevant Material is in EPA's Exclusive Possession, and Plaintiff is Estopped from Taking a Contrary Position.**

Plaintiff's subpoenas already have imposed an undue burden and expense on non-parties Mr. Waldrop and BBRSDA because Plaintiff should be turning exclusively to the defendant-agency for discovery in a FACA case, such as this one, and not burden others with responding to it.

Plaintiff has the burden of proving that EPA "established" one committee or "utilized" any of the three alleged FACA committees.  The first component requires an examination of whether EPA directly formed an advisory committee,[8] and the second component focuses on whether EPA "has 'actual management or control of the advisory committee.'"[9]  Courts have defined "'utilized' so narrowly as to admit only those groups into the FACA statutory scheme

_____

[7]     *See Pers. Audio LLC* 2014 WL 1318921, at *3 (granting motion to quash because the party serving the subpoena "has not established that this discovery is relevant or could not be obtained from parties to the underlying patent case").

[8]     *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 736 F. Supp. 2d 24, 32 (D.D.C. 2010) (citing *Food Chem. News v. Young,* 900 F.2d 328, 332 (D.C. Cir.), *cert. denied,* 498 U.S. 846 (1990)).

[9]     *Wy. v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454 (D.D.C. 2002) (quoting *Byrd v. EPA*, 174 F.3d 239, 246 (D.C. Cir.1999) and citing *People for the Ethical Treatment of Animals v. Barshefsky*, 925 F. Supp. 844, 848 (D.D.C. 1996)).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                          Page 10 of 25

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

that are under strict management or control of the government agency."[10]  The Ninth Circuit

agrees.[11]

As such, in the sole published decision addressing the issue of non-party discovery in a

FACA case, the court *quashed* subpoenas after agreeing with the non-parties that:

> to the extent there may be evidence of the formation or control of an "official" committee to advise the USDA on the Roadless Regulations, all relevant documents would be in the hands of the federal defendants, and thus intrusion into the activities of the non-party witnesses is unwarranted and unnecessarily burdensome.[12]

The scope of the quashed subpoenas in that case parallels the excessive breadth of Plaintiff's

subpoenas.[13]  The agency-defendant here is EPA, which (along with its officials who had been

working on the underlying matter while at EPA) has the exclusive custody and control over the

information that is relevant to this case.  Earlier in this case, Plaintiff took the same position for

---

[10]    *Wy*, 208 F.R.D. at 454 (citing *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 462 (1989); *Byrd*, 174 F.3d at 239).

[11]    *See Aluminum Co. of Am. v. Nat'l Marine Fisheries Serv.*, 92 F.3d 902, 905 (9th Cir. 1996) (finding that "utilized" refers to a group subject to "'strict management by agency officials.'") (quoting *Food Chem. News v. Young*, 900 F.2d 328, 332–33 (D.C. Cir.), *cert. denied*, 498 U.S. 846 (1990)); *see also Washington Toxics Coal. v. U.S. E.P.A.*, 357 F. Supp. 2d 1266, 1272 (W.D. Wash. 2004) ("In order to determine whether a committee is utilized in this sense, courts test whether the federal government exercised strict 'management or control of the advisory committee.'") (quoting *Public Citizen,* 491 U.S. 440, 457-58 (1989) and citing *Wash. Legal Found. v. U.S. Sentencing Comm'n,* 17 F.3d 1446, 1450 (D.C. Cir. 1994)); *Idaho Wool Growers Assoc. v. Schafer*, 637 F. Supp. 2d 868, 878 (D. Idaho 2009) ("An advisory committee is established when it has been formed by a government agency, and utilized if it is "'amenable to . . . strict management by agency officials.'") (citing *Heartwood, Inc. v. U.S. Forest Service*, 431 F. Supp. 2d 28, 34 (D.D.C. 2006) (quoting *Public Citizen*, 491 U.S. at 457-58, 109 S.Ct. 2558)).

[12]    *Wy.*, 208 F.R.D. at 454.

[13]    *Id.* at 452 (describing request for all documents from non-parties related to all of their communications and meetings regarding the Roadless Regulations).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 • FAX (907) 277-9896

its own purposes: "facts going to the 'established or utilized' requirements under FACA . . . are in Defendants' exclusive possession."[14]  Plaintiff is prohibited by the doctrine of judicial estoppel from now making a contrary argument to this court in defense of its subpoena.  As the Ninth Circuit has found:

> Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. . . . [and is invoked] not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts."[15]

Despite its earlier position taken in this case, Plaintiff now impermissibly urges the Court to adopt the opposite position and reject the *Wyoming* decision by advancing the following three unpersuasive arguments:

First, Plaintiff argues that *Wyoming* rests on an "overly restrictive view" of what is relevant to whether an agency has "utilized" an advisory committee, a view that Plaintiff predicts will be rejected by this Court's *future* holdings.  Docket No. 163 at 11.  However, Plaintiff's prediction has a poor predicate, as this Court has used the same definition of "utilization" on which the *Wyoming* court relied:

> "[A]n advisory panel is 'established' by an agency only if it is actually formed by the agency[.]"  *Byrd v. U.S. E.P.A.*, 174 F.3d 239, 245 (D.C. Cir. 1999).  "An advisory committee is 'utilized' by an agency if it is 'under the actual management or control of the agency.'"  *Town of Marshfield*, 552 F.3d at 6.

---

[14]     Docket No. 64 at 2.

[15]     *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600–01 (9th Cir.1996)).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                                          Page 12 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 12 of 25

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Docket. No. 128 at 11. Likewise, the Ninth Circuit has adopted the same definition.[16] Based on that same definition of "utilization" (*i.e.*, "strict" and "actual management and control"), the logic of *Wyoming* applies here: the only place where relevant information can be discovered in a FACA suit is from those in the defendant-agency. FACA inquiries must focus on whether *the defendant-agency* strictly controlled the committee and not the other way around. Evidence of such strict control therefore resides with and may only be obtained from EPA and not from the dozens of Americans alleged to have participated in these committees, who are not parties to this lawsuit. Indeed, the Court has not required anyone other than current and former officials, who have worked on Bristol Bay while at EPA, to produce documents or provide testimony in this case.

Second, Plaintiff has urged the Court not to rely on *Wyoming* and instead urges the Court to rely on a vacated magistrate decision issued later in the same case.[17] Docket No. 163 at 12. Plaintiff has neglected to inform the Court that the decision was vacated. Moreover, in this vacated decision, the magistrate compelled a *defendant-intervenor* to produce documents.[18] Importantly the decision did not address whether non-party discovery is permissible in a FACA case, which is the question pending before this Court in Plaintiff's motion to compel and in Mr. Waldrop's and BBRSDA's motion to quash. Neither Mr. Waldrop nor BBRSDA is an intervenor or an EPA official. They are true non-parties. It would of course be strange in the

---

[16]     *See supra* note 11 and cases cited.

[17]     *See Wyoming v. U.S. Dep't of Agr.*, 239 F. Supp. 2d 1219 (D. Wyo. 2002), *vacated as moot,* 414 F.3d 1207 (10th Cir. 2005).

[18]     *Id.* at 1244.

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                          Page 13 of 25

extreme for such a question to have come before the magistrate in *Wyoming*, as the district court in the underlying case already had ruled on that question, quashing the plaintiff's non-party subpoenas.[19]

Third, Plaintiff directed the Court to a slew of *non-FACA* decisions permitting third party discovery, absent valid objections. Docket No. 163 at 12-13. These cases should be distinguished, given the unique nature of FACA claims, which (along with the First Amendment considerations addressed *infra*) led the *Wyoming* court to its rejection of non-party discovery. Also, the 28 pages of objections served on behalf of Mr. Waldrop and BBRSDA are valid, specific and appropriate. Docket No. 163-2, Exhibit 6 at 46-60; Docket No. 163-3, Exhibit 7 at 2-16.

### 2. Discovery Is Not Permitted in Lawsuits Filed under the APA.

Plaintiff filed its lawsuit under the Administrative Procedure Act ("APA") because FACA does not contain a private right of action.[20] Discovery outside of the administrative record usually is not permitted in APA actions.[21] An exception to this rule can be made only under "very limited circumstances:"

> 1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision; 2) if the agency has relied on documents not in the record; 3) when supplementing the record is necessary to

---

[19] *Wy*, 208 F.R.D. at 454.

[20] *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 374-75 (2004).

[21] *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (holding that the district court abused its discretion in admitting and relying on documents outside of the administrative record); *Kunaknana v. U.S. Army Corps of Engineers*, 23 F. Supp. 3d 1063, 1095-96 (D. Alaska 2014) (granting motion to strike extra-record documents in review of agency action under the APA).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                 Page 14 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 14 of 25

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

explain technical terms or complex subject matter; or 4) when plaintiffs make a showing of agency bad faith.[22]

These exceptions are "narrowly construed and applied,"[23] and Plaintiff has not and cannot make a showing that any of them apply so expansively as to allow discovery against non-parties. For instance, in Plaintiff's related FOIA lawsuit, which seeks documents similar to those sought in its FACA litigation, the Court concluded: "*Pebble has not come forward with evidence of bad faith or a countervailing showing that undermines the court's confidence in the adequacy of EPA's search.*" Docket No. 53 at 4 (emphasis added). Although the Court noted that some discovery might take place in the FACA case,[24] discovery in FOIA litigation must be confined to EPA,[25] just as it must be confined to EPA in FACA litigation.[26] Hence, even if limited discovery is permitted outside of the administrative record, it is limited to EPA and should not extend to non-parties, such as Mr. Waldrop, Mr. Snyder, ACF and BBRSDA.[27]

Plaintiff has not and cannot rely on any order of the Court to support its extreme position that discovery propounded on a wide range of non-parties should be permissible in this case.

---

[22]    *Ctr. for Biological Diversity v. EPA*, 2015 WL 918686, at *14 (W.D. Wash. Mar. 2, 2015) (quoting *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

[23]    *Lands Council,* 395 F.3d at 1030; *Ctr. for Biological Diversity*, 2015 WL 918686, at *14.

[24]    *See id.* at 5.

[25]    *See Cmty. Ass'n for Restoration of the Env't, Inc. v. EPA*, 2014 WL 1285123, at *2 (E.D. Wash. Mar. 27, 2014) (granting stay of discovery from defendant agency pending ruling on motion for summary judgment in FOIA case, noting that "'in FOIA . . . cases discovery is limited'") (quoting *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).

[26]    *See Wy.,* 208 F.R.D. at 454.

[27]    Although it is not Mr. Waldrop's or BBRSDA's burden to define the administrative record in this case, that record clearly cannot extend beyond the information obtained through Plaintiff's FOIA proceedings and whatever discovery is allowed against EPA.

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                        Page 15 of 25

Rather, Plaintiff has pointed to a joint statement from Plaintiff and Defendant regarding an apparent agreement that "substantial discovery may be necessary."[28] But that agreement did not include discovery on non-parties who never worked on Bristol Bay matters for EPA, and that agreement cannot be used to compel such non-party discovery. At a very minimum, discovery from non-parties is absurdly premature at this early stage, as Plaintiff is far from completing its efforts to exhaust discovery from the defendant-agency.

### 3. The Disclosure of Information Sought Is Unwarranted Prior to a Finding of a FACA Violation.

Unaddressed in Plaintiff's Motion to Compel is Mr. Waldrop's and BBRSDA's objection that Plaintiff's subpoenas would subject them to an "undue burden" because, according to the Supreme Court in *Cheney v U.S. Dist. Ct.*, disclosure of information about any advisory committee meetings and advice is *the remedy* for prevailing in a FACA suit and thus disclosure should not be compelled unless and until the court finds a violation of FACA.[29] The *Cheney* Court ratified the appellate court's characterization of the document requests as "anything but appropriate" because they sought even more documentation than plaintiffs would be entitled to if they prevailed on the FACA claims.[30]

---

[28]     Docket. No. 163 at 11 n.6 (quoting Docket. No. 137 at 3).

[29]     *See Cheney*, 542 U.S. at 388 (holding that the district court should not have forced the Executive Branch to invoke executive privilege in order to contest unnecessarily broad subpoenas containing discovery requests that "are anything but appropriate because they provide respondents all the disclosure to which they would be entitled in the event they prevail on the merits [of a FACA case], and much more besides").

[30]     *Id.*

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Later, a lower court used the same reasoning to deny similar discovery requests in a FACA case, after finding that disclosure of the details of meetings "would effectively provide plaintiff with the very relief it seeks on the merits." In *CREW v. Leavitt*, 577 F. Supp. 2d 427 (D.D.C. 2008), the plaintiff sought to discover "the identities of the meeting attendees and their organizational attachments, their method of selection, the specific advice they provided, and how [the agency] used or will use this advice." The court found such information to be irrelevant to the sole issue of "whether OHS solicited the collective advice of expert attendees of the March performance standard meetings."[31] Likewise, Plaintiff is asking for documents and testimony about so-called meetings and so-called advice – information to which Plaintiff would only be entitled should it prevail on its claims that the groups it invented were federal advisory committees established and/or utilized by EPA.

**C.** **Plaintiff's Subpoenas Would Subject Mr. Waldrop and BBRSDA to an Undue Burden Because the Subpoenas Would Violate and Chill Their First Amendment Rights.**

The *Wyoming* court also quashed the non-party subpoenas in the FACA case pending before it because of First Amendment concerns.[32] The *Wyoming* court had no trouble concluding that the plaintiff's subpoenas violated the non-parties' First Amendment rights, and its reasoning applies here: The First Amendment was implicated because its protection "'extends not only to the organization itself, but also to its staff, members, contributors, and

---

[31]    *Id.* at 434 (holding that a group of experts meeting with the staff of the HHS Office of Head Start to offer advice regarding Head Start performance standards did not implicate FACA).

[32]    *See Wy.,* 208 F.R.D. at 454-55 (quashing third party subpoena because enforcement of it would chill participation in the political process).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

others who affiliate with it.'"[33] As here, compliance with requests for "internal communications and communications among various groups . . . would have a potential 'for chilling the free exercise of political speech and association guarded by the First Amendment.'"[34] The court found that Wyoming (the plaintiff) would need to establish a compelling need for such discovery, but concluded that Wyoming was unable to do so because the information sought by subpoena was irrelevant to the FACA claim, and because Wyoming could obtain the information it needed to proceed on the claim from the federal defendants.[35] For the same reasons, Plaintiff has failed to show a compelling reason that would justify its otherwise blatant violation of Mr. Waldrop's and BBRSDA's First Amendment rights.

The Ninth Circuit has employed a similar two-part test to determine whether discovery will violate the First Amendment rights of the subpoenaed party.[36]

*First*, the party from whom discovery is sought must make a *prima facie* showing of infringement, *i.e.*, that enforcement will result in "(1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights."[37] Through their declarations,

---

[33] *Id.* at 454 (quoting *Int'l Union v. Nat'l Right to Work Legal Defense and Ed. Found., Inc.,* 590 F.2d 1139, 1147 (D.C. Cir. 1978)).

[34] *Wy.,* 208 F.R.D. at 454-55 (quoting *FEC v. Machinists Non–Partisan Political League,* 655 F.2d 380, 388 (D.C. Cir. 1981)).

[35] *Id.*

[36] *See Perry v. Schwarzenegger,* 591 F.3d 1147 (9th Cir. 2009) (denying discovery of the internal campaign communications of the proponents of Proposition 8 to ban same-sex marriage because it improperly infringed on their First Amendment rights).

[37] *Id.* at 1160 (quoting *Brock v. Local 375, Plumbers Int'l Union of Am.,* 860 F.2d 346, 350 (9th Cir. 1988)).

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                 Page 18 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 18 of 25

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

Mr. Waldrop, BBRSDA's former Executive Director, and Sue Aspelund, the current BBRSDA

Executive Director, have established a *prima facie* showing of infringement by describing the

subpoenas' sweeping intrusion into their protected activities. For example: Ms. Aspelund stated

that with regard to the campaign to protect Bristol Bay, "we have seen other parties who have

been subpoenaed by Plaintiff in this case stop communicating with us about the campaign."

"This subpoena," stated Ms. Aspelund, "has the effect of limiting our communications with other

Americans and non-profits about matters of public importance because of the fear that such

otherwise confidential communications will be forced to be disclosed." Aspelund Declaration

at ¶ 17, Sept. 24, 2015.

Mr. Waldrop stated: "Just being handed my subpoena was profoundly impactful and

intimidating." Waldrop Declaration at ¶ 14, Sept. 24, 2015. Of the subpoenas, Mr. Waldrop

continued: "I will forever have second thoughts about engaging publically debated issues such

as the proposed Pebble mine – even on behalf of groups and individuals with a direct economic

stake in protecting their businesses," such as the fishermen he used to represent. *Id.* He also

stated:

> If I am forced to produce my non-public communications regarding expression of
> my views and the views of the Bristol Bay Regional Seafood Development
> Association on matters of public policy, it will negatively impact how I
> participate and communicate in such activities in the future. For example, I will
> need to think twice about, if not eliminate altogether, communications with
> different non-profits, activists, tribes and others engaged in the just fight to protect
> the waters of Bristol Bay; I will be restricted in the manner in which I
> communicate with the same circle of people who share my interest in fighting to
> protect the Bay. I will be curbed from using e-mail to communicate about matters
> of public importance, inasmuch as they relate to anyone ever meeting with EPA
> or any other federal agency because one day I might need to retain counsel to
> respond to a subpoena for those e-mails.

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

*Id.* at ¶ 17; *see also id.* at ¶¶ 11-20; Aspelund Declaration at ¶¶ 13-18, Sept. 24, 2015; *see also* Nastri Declaration at ¶¶ 11-17, Sept. 1, 2015; Shoren Declaration, Docket No. 169-10 at ¶¶ 12-20; Troll Declaration, Docket No. 171.[38] These declarations "create a reasonable inference that disclosure would have the practical effects of discouraging political association and inhibiting internal campaign communications that are essential to effective association and expression."[39] The subpoenas' indiscriminate demands for, *inter alia,* Mr. Waldrop's and BBRSDA officials' private internal communications and communications with many other non-parties on matters of public concern, and the extraordinary commitment of time and resources that compliance will require, deters the exercise of protected activities and the free exchange of ideas by Mr. Waldrop, BBRSDA employees, and others.

*Second*, Plaintiff will not be able to meet its burden to demonstrate a need sufficient to justify the deterrent effect on the free exercise of the constitutionally protected right.[40] Plaintiff cannot show a compelling need for the documents and testimony sought because they are irrelevant and certainly not "highly relevant." Moreover, any information relevant to whether EPA violated FACA is by definition in the possession of EPA, per Plaintiff's earlier position in

---

[38] In light of the specific evidence of harassment and chilling caused by these subpoenas, Plaintiff's sole argument in opposition to BBRSDA's and Mr. Waldrop's First Amendment objection – namely, that the objection lacks specificity – falls flat. *See* Docket No. 163 at 16-18. Additionally, in support of that failed argument, Plaintiff cited to *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-LAB (WVG), 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) which is not a First Amendment case.

[39] *Perry*, 591 F.3d at 1163 (characterizing a non-party declaration which the Court found made the required *prima facie* showing).

[40] *Id.* at 1161 ("Importantly, the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation—a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1), . . . and the information must be otherwise unavailable.").

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

Page 20 of 25

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

this case and case law. Thus, FACA plaintiffs are not entitled to *any* discovery from non-parties.[41] Plaintiff's displeasure with EPA does not entitle it to trample on Mr. Waldrop's and BBRSDA's constitutional rights.

Plaintiff's *entire* argument as to why its subpoenas did not violate the non-parties' First Amendment rights rests on a false premise – *i.e.*, the non-parties' First Amendment objections, Plaintiff argues, lack specificity. Docket No. 163 at 16-18. That argument is put to rest by the declarations of Mr. Waldrop and Ms. Aspelund, detailing how these subpoenas chilled the protected First Amendment activity of Mr. Waldrop, Ms. Aspelund, BBRSDA, their staff and the fishermen they have represented. *See* Aspelund Declaration, Sept. 24, 2015 and Waldrop Declaration, Sept. 24, 2015. Given these declarations and others surely to come from many others around the country,[42] Mr. Waldrop and BBRSDA have established a *prima facie* showing of infringement, and Plaintiff has failed to meet its burden.

**D.     Plaintiff's Subpoenas Are Cumulative and Overbroad.**

Plaintiff's identical requests for broad categories of irrelevant information from Plaintiff's opponents should be seen for what it is: cumulative attempts to obtain the same documents it has obtained or should obtain from EPA and a dragnet for the internal strategic communications from Plaintiff's opponents.

---

[41]     *Wy.*, 208 F.R.D. at 454-55.

[42]     Subpoenaed non-parties, such as Shoren Brown and Wayne Nastri, have filed declarations in the courts of compliance, where they were served subpoenas. Brown Declaration at Docket No. 169-8; Nastri Declaration, Sept. 1, 2015. Messrs. Brown and Nastri have detailed why Plaintiff's subpoenas have chilled their exercise of First Amendment protected activity. *See id.*

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

Page 21 of 25

*First*, Plaintiff's cumulative requests include: FOIA requests to EPA for, *inter alia,* all documents pertaining to the Pebble Mine and the Bristol Bay Watershed Assessment, including communications with EPA about the same; a lawsuit against EPA to enforce those FOIA requests; discovery requests propounded on EPA in the FACA case for the same information subpoenaed here; and subpoenas seeking the same information served on over 60 other non-parties. In addition, the Court has permitted the deposition of Phil North, a formal EPA official, after finding that the ex-official was likely to be the person most likely to provide critical documents and testimony in this case.[43] Extending discovery to non-parties who never worked at EPA is cumulative of requests already made of EPA and its officials (past and present), in this case and elsewhere.

*Second*, the expansive nature of the requests belies Plaintiff's contention that its requests are for information about EPA's "actual management and control" of these imagined committees. Plaintiff has requested eleven years of communications with what amount to hundreds of people about eight broadly defined topics, and eleven years of documents regarding meetings about the same topics, thereby revealing the internal strategic communications of the non-parties and hundreds of other Americans, all of which is privileged under and protected by the First Amendment.

*Third*, Plaintiff may argue that the Court has sanctioned Plaintiff's widespread and oppressive use of the subpoena power, either because this Court has granted some limited non-party discovery or entered a Scheduling Order which does not rule out non-party discovery. That simply is not the case. The non-party discovery granted by this Court has been limited to

---

[43]     *See* Docket No. 155 at 2.

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH                                                                                          Page 22 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 22 of 25

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

exceptional circumstances -- against an internet service provider to prevent anticipated destruction of potentially relevant email, *see* Docket No. 116, and against a former employee of *Defendant-agency EPA* residing in Australia whom the Court found "may be the only person within the EPA capable of shedding meaningful light upon whether or not unauthorized advisory committees were created or utilized in connection with preparation of the Bristol Bay Watershed Assessment." Docket No. 155. The Court's July 24, 2015, Scheduling and Planning Order does not specify whether or the extent to which non-party discovery is to be undertaken, and, more importantly, merely reflects the agreement among the parties. But an agreement among the parties to this litigation cannot govern the rights of Mr. Waldrop and BBRSDA, who have never been employed by EPA.

### E. Plaintiff Should Reimburse Mr. Waldrop and BBRSDA for Their Legal Fees and Costs Related to Their Response to Plaintiff's Subpoenas.

Sanctions are warranted here. Parties invoking the subpoena power "have a grave responsibility to ensure it is not abused."[44] Plaintiff aggressively seeks enforcement of subpoenas that, for all of the foregoing reasons, should never have been issued. "Sanctions are appropriate" when "clear authority shows they should not have been issued in the first place."[45] In direct defiance of Fed. R. Civ. P. 45(d)(1), Plaintiff has taken extraordinary steps to impose an

---

[44] *Theofel v. Farey-Jones,* 359 F.3d 1066, 1074 (9th Cir. 2003).

[45] *Schweickert v. Hunts Point Ventures, Inc.*, 2014 WL 6886630, at *13 (W.D. Wash. Dec. 4, 2014) (imposing sanctions where subpoenas are overbroad and compliance would require violation of the Stored Communications Act); *Hill v. Robert's Am. Gourmet Food, LLC,* 2013 WL 5118943, at *3 (N.D. Cal. Sept. 13, 2013) (granting motions to quash subpoena and for sanctions against party improperly causing subpoena to issue during a stay of discovery); *In re Shubov,* 253 B.R. 540, 547 (B.A.P. 9th Cir. 2000) (awarding sanctions because "literally" any response to subpoena was an "undue burden or expense").

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH
Page 23 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 23 of 25

undue burden and expense on non-parties.  *See* Waldrop Declaration, Sept. 24, 2015; Aspelund

Declaration, Sept. 24, 2015.  For that, sanctions *must* be imposed.[46]

### Conclusion

For the foregoing reasons, Movants Robert Waldrop and BBRSDA request that this

Court grant their joint cross-motion to quash and for sanctions and deny Plaintiff's Motion to

Compel Responses to Third-Party Subpoenas under Fed. R. Civ. P. 45 to Alaska Conservation

Foundation, Sam Snyder, Bristol Bay Seafood Development Association and Robert Waldrop.

Docket No. 163.

DATED this 25th day of September 2015, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.

By: s/Margaret Simonian
    Margaret Simonian, ABA No. 9901001
    1049 W. 5th Avenue, Suite 200
    Anchorage, Alaska  99501
    Phone:  277-5400
    Fax:  277-9896
    Email:  meg@dillonfindley.com


CUNNINGHAM LEVY LLP

By: s/Joshua A. Levy
    Joshua A. Levy, D.C. Bar No. 475108
    **Applicant for admission *pro hac vice***
    1250 Connecticut Ave., NW, #200
    Washington, D.C.  20036
    Phone:  202-261-6564
    Email:  jal@cunninghamlevy.com

Attorneys for Robert Waldrop and Bristol Bay
Regional Seafood Development Association

---

[46]     *See Schweickert,* 2014 WL 6886630, at *13.

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS
FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2015 a copy of the foregoing Non-Parties Robert Waldrop and Bristol Bay Regional Seafood Development Association's Opposition to Plaintiff's Motion to Compel and Cross-Motions to Quash Subpoenas for Non-Party Discovery and for Sanctions, Costs, and Attorney's Fees was served electronically using the CM/ECF system on **Thomas P. Amodio, Roger W. Yoerges, Errol R. Patterson, Brigida Benitz, Anthony A. Onorato, Mark F. Murphy, Timothy A. Work, Linda C. Bailey, Jared R. Butcher,** counsel for plaintiff; **Richard L. Pomeroy, Stuart Justin Robinson, Brad P. Rosenberg, Robin F. Thurston, Alice Shih LaCour,** counsel for defendants; **Jeffrey M. Feldman, Chester D. Gilmore, William J. Wailand, Valerie L. Brown, Michelle Sinnott,** counsel for non-party witnesses.


s/Margaret Simonian

LAW OFFICES
**DILLON & FINDLEY**
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

WALDROP & BBRSDA'S OPP'N TO PL.'S MOT TO COMPEL & CROSS-MOTS. TO QUASH SUBPOENAS FOR NON-PARTY DISC. AND FOR SANCTIONS, COSTS, AND ATTORNEY'S FEES
*Pebble Limited Partnership v. Environmental Protection Agency, et al.*
Case No. 3:14-cv-00171-HRH
Page 25 of 25

Case 3:14-cv-00171-HRH   Document 174   Filed 09/25/15   Page 25 of 25