# EXHIBIT N



## U.S. Department of Justice

### Civil Division, Federal Programs Branch

| *Via U.S. Mail:* | *Via Special Delivery:* |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., NW |
| Washington, DC 20044 | Washington, DC 20530 |

Brad P. Rosenberg
Trial Attorney

Telephone:   (202) 514-3374
E-Mail:      brad.rosenberg@usdoj.gov

February 10, 2016

*Via electronic mail*

Brigida Benitez, Esq.
Steptoe & Johnson LLP
1330 Connecticut Ave., N.W.
Washington, DC 20036

> Re: *Pebble Ltd. P'ship v. EPA, et al.* (D. Alaska 3:14-cv-00171-HRH), Subpoena to Phillip North

Dear Brigida:

This letter is in response to your November 24, 2015 Subpoena to Testify at a Deposition in a Civil Action directed to Phillip North. We understand that the subpoena was served on Mr. North in early January.[1] Thank you for agreeing to an extension of time until today (February 10) to serve objections to the subpoena.

As you know, while Mr. North previously was employed by the Environmental Protection Agency ("EPA"), a defendant in this action, he retired in April of 2013. While Mr. North has retained his own private counsel, the Department of Justice ("DOJ") will be representing the interests of the federal defendants in responding to this subpoena to the extent that the subpoena seeks documents or testimony relating to matters within the scope of Mr. North's employment while at EPA. In that regard, after Mr. North was served with the subpoena he notified the DOJ, through his private counsel, that he had potentially responsive documents. Mr. North subsequently provided those documents to DOJ, through his private counsel, on January 29, 2016. Those documents, which appear to have originated from EPA, are currently

---

[1] We understand that Mr. North was served on January 7, 2016 in Australia, at a time that equates to January 6, 2016 in the United States.

1

being processed by the Government to determine their nature and content, including whether any of the documents are not already contained within EPA's files.[2]

In accordance with Rule 45 of the Federal Rules of Civil Procedure, therefore, the Government objects as follows to the production of documents as called for by the subpoena.

**General Objections**

1.      The Government objects to the subpoena to the extent that it purports to expand upon Mr. North's obligations under the Federal Rules of Civil Procedure or the local rules of this Court.

2.      The Government objects to Instruction Nos. 2, 3, and 4 to the extent that they purport to impose requirements beyond those set forth in Fed. R. Civ. P. 45(e).  Subject to the objections set forth below, the Government will produce any EPA documents in Mr. North's possession pursuant to the procedures and specifications set forth in the parties' Scheduling and Planning Conference Report (Dkt. No. 135), and will comply with the privilege log requirements set forth in the parties' Protective Order (Dkt. No. 205).

3.      The Government objects to Instruction No. 5 to the extent that the subpoena seeks any documents that post-date Mr. North's employment with EPA, as any such documents are not reasonably calculated to lead to the discovery of admissible evidence.

4.      The Government objects to Instruction No. 9 to the extent it imposes a continuing obligation to produce documents.  Rule 45 imposes no such obligation.

5.      The Government objects to plaintiff's definition of "EPA" as being overly broad, unduly burdensome, vague and undefined, and as imposing requirements beyond those set forth in the Federal Rules of Civil Procedure, to the extent the instruction includes in the definition former officers, managers, officials, and employees, as well as agents, attorneys, representatives, and other persons acting or purporting to act on the defendants' behalf.

6.      The Government objects to plaintiff's definition of "Document" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Government also objects to the extent the definition purports to impose obligations beyond those set forth in Fed. R. Civ. P. 34 or 45.

7.      The Government objects to plaintiff's definition of "Meeting" as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Government will adopt plaintiff's definition to the extent that any such "Meeting" involves the discussion of issues of substance relating to the Pebble Mine Project (construed to

---

[2]      As reflected in EPA's correspondence with the National Archives and Records Administration, EPA has on several occasions attempted to ascertain whether Mr. North has any EPA e-mails.

2

include, for example, the BBWA or EPA's use or proposed use of its regulatory authority in the context of the proposed Pebble Mine Project).

8.      This is a Federal Advisory Committee Act lawsuit that is being brought pursuant to the Administrative Procedure Act ("APA").  APA cases typically do not involve discovery, but instead rely upon a record compiled by an agency.  While there is no such record here (because EPA never employed Federal Advisory Committees as alleged by plaintiff and, thus, cannot compile a record related to such committees), discovery should be limited in scope to that which would replicate the equivalent of an administrative record.

9.      The Government objects to the subpoena to the extent that plaintiff seeks documents that it would obtain from defendants as a remedy for a FACA violation.

10.      The Government objects to the subpoena to the extent that it seeks information and documents protected from discovery by the attorney-client privilege, the deliberative-process privilege, the work-product doctrine, the Privacy Act of 1974, 5 U.S.C. § 552a, or any other applicable privilege.  To the extent that Mr. North has possession, custody, or control of any responsive documents, the Government may withhold any such documents or portions thereof to the extent they are protected by applicable privileges.

11.      The Government reserves the right to amend, supplement, or alter both these general objections and the specific objections set forth below.

12.      The Government objects to the subpoena to the extent that it is duplicative of the requests for production that plaintiff has served on EPA and to the extent that it requests documents that are in EPA's possession, custody, or control.

13.      These General Objections shall apply to each of the responses set forth below.

**Production-Specific Objections**

In addition to the above-stated General Objections, the Government makes the following objections to each of the specified requests for documents to be produced.

**1.      All documents relating to the following:  a) The Pebble Mine Project; b) The petition submitted by Native Alaskan Tribes to EPA in May 2010; c) the BBWA; d) the "Options Paper" (Exhibit A); e) the "public process" strategy referenced in Exhibit A; f) The "Matrix" (Exhibit B); g) The FY 2011 budget (Exhibit C); h) EPA's Proposed Determination; i) The report provided to EPA called "An Assessment of Ecological Risk to Wild Salmon Systems from Large-scale Mining in the Nushagak and Kvichak Watersheds of the Bristol Bay Basin" (Exhibit D); j) The report provided to EPA called "Bristol Bay's Wild Salmon Ecosystem and the Pebble Mine:  Key Considerations for a Large-scale Mine Proposal" (Exhibit E); k) The report provided to EPA by Bill Riley and Tom Yocom (Exhibit F); l) Analyses provided to EPA by Alaska Conservation Foundation, Center for Science in Public Participation; Stratus Consulting, The Nature Conservancy, or Trout Unlimited.**

3

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll documents." The Government objects to this request as vague and undefined to the extent it seeks all documents "relating to" the topics of the request. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**2.     All Communications with the members of the Bristol Bay Assessment Team (including but not limited to contractors and Senior Environmental Employees).**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll Communications." Moreover, the scope of the request exceeds information relevant to the question of whether EPA established or utilized Federal Advisory Committees in violation of FACA. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**3.     All Communications with members of the InterGovernmental Technical Team (including but not limited to contractors and Senior Environmental Employees).**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll Communications." Moreover, the scope of the request exceeds information relevant to the question of whether EPA established or utilized Federal Advisory Committees in violation of FACA. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31,

4

2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**4.      Any other Communications with Persons not employed by EPA Relating to any request for, or the provision of, advice, recommendations, opinions, data, analysis, literature, support or other similar information for the BBWA or EPA's Proposed Determination.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the term "Relating to" is vague and ambiguous. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**5.      Any other Documents Relating to any meeting with Persons not employed by EPA Relating to any request for, or the provision of, advice, recommendations, opinions, data, analyses, literature, support or other similar information for the BBWA or EPA's Proposed Determination.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the term "Relating to" is vague and ambiguous. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**6.     All Documents Relating to EPA's consideration, analysis, or use of advice, recommendations, opinions, data, analyses, or literature submitted by Pebble Limited Partnership, Northern Dynasty Minerals Ltd., or Anglo American.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the term "Relating to" is vague and ambiguous.  The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**7.     All Documents Relating to the Federal Advisory Committee Act, 5 U.S.C. App II § 1 *et seq.*, and any of EPA's rules, policies, or procedures thereunder.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the term "Relating to" is vague and ambiguous.  The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**8.     All Documents Relating to accessing, preserving, reviewing, copying, or recovering information from Your EPA email accounts, personal email accounts, hard drives, flash drives, or other electronic storage devices that You used while employed with EPA.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll documents."  The Government objects to this request as vague and undefined to the extent it seeks all documents "relating to" the topics of the request.  The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First

Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

9.      **All Documents Relating to Patty McGrath or Marcia Combes.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll documents." The Government objects to this request as vague and undefined to the extent it seeks all documents "relating to" the topics of the request. The request is also facially invalid because it seeks documents that "relate to" people, rather than subject areas, thus failing to define the categories of information that plaintiff is seeking. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

10.     **All Documents Relating to the provision of remuneration, grants, or any other form of financial assistance to any Person not employed by EPA for advice, recommendations, opinions, data, analyses, literature, support, or other information concerning the Pebble Mine Project.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll documents." The Government objects to this request as vague and undefined to the extent it seeks all documents "relating to" the topics of the request. The Government also objects to this request to the extent that it seeks discovery that is broader in scope than that to which the Government has committed to producing via their Objections and Responses to Plaintiff's First Request for Production of Documents (Aug. 31, 2015), as subsequently modified through the parties' meet and confer meetings and reflected in their correspondence through January 20, 2016 (collectively, "Government's Discovery Commitments").

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will promptly produce documents not previously produced to plaintiff in a manner

7

consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**11.     All Documents that You have produced or intend to produce to any Person in connection with this litigation.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll documents."  The Government also objects to this request to the extent the phrase "intend to produce" and the term "produce" is vague and undefined; accordingly, the Government construes that term to refer to the formal production of documents in response to a discovery request.

Subject to these Specific Objections and the General Objections above, the Government will process the documents that Mr. North has provided to DOJ and, subject to any claim of privilege, will produce documents not previously produced to plaintiff in a manner consistent with the Government's Discovery Commitments as previously agreed-upon by the parties.

**12.     All Communications with defendants Relating to this litigation or Relating to Plaintiff's FOIA requests.**

The Government objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent plaintiff seeks "[a]ll documents."  The Government also objects to this request to the extent that it seeks documents that may be protected by the attorney-client privilege, the work product doctrine, or the deliberative process privilege.

Subject to these Specific Objections and the General Objections above, the Government is not aware of any direct communications with Mr. North regarding this litigation or plaintiff's FOIA requests since Mr. North's retirement from EPA.

Very truly yours,

/s/ Brad P. Rosenberg

Brad P. Rosenberg

cc:     Billie Garde, Esq.

8